Larry Darnell TONEY,
Plaintiff–Appellant,

v.

MUELLER COMPANY,
Defendant–Appellee.

Supreme Court of Tennessee,
at Knoxville.

May 6, 1991.

Samuel F. Robinson, Jr., Barton C. Solomon, Chattanooga, for plaintiff-appellant.

Joseph C. Wilson, III, Chattanooga, for defendant-appellee.

OPINION

REID, Chief Justice.

This workers' compensation case presents an appeal by the employee from the denial of a motion filed pursuant to Rule 60.02, Tenn.R.Civ.P., in which the employee asserts the judgment entered was based upon a mistake regarding the extent of the injury and disability. The trial court found no basis on which to set aside the previous judgment and allow additional evidence as to disability. The record supports the judgment of the trial court.

The judgment entered awarded the employee benefits based upon a 15% permanent partial disability to the body as a whole and provided that the employer would remain liable for future medical expenses. The disability and medical benefits were based on the testimony of the treating physicians (an orthopedic surgeon and a neurological surgeon) and a chiropractor. The orthopedic surgeon found x-rays "unremarkable" except for "severe narrowing between L5 and S1 with some osteophytes or bone spurs"; based on his initial diagnosis of lumbar strain, he recommended physical therapy and light work. Upon later discovery that the appellant had a ruptured disc, he performed a percutaneous lumbar diskectomy, an outpatient surgical procedure designed to reduce pressure on the nerve root by the ruptured disc. According to the orthopedist, the appellant's leg pain "went away" while on the operating table. He testified that the appellant reached maximum medical improvement on October 9, 1987, and rated his permanent impairment at 5% to the body as a whole.

The neurological surgeon performed a CAT scan and EMG test, which, according to him, suggested a herniated disc and mild damage to nerve roots. The neurologist testified the appellant had "back and leg pain with persistent radiculopathy" but did not find any definite neurological deficit or injury. After about six months he performed an MRI scan, which revealed disc protrusions and bulges and a narrowing of the intervertebral foramen at L4–L5; however, he recommended no additional treat-

ment. He found a permanent partial impairment of 5%. The chiropractor, who found essentially the same objective abnormalities as the two surgeons, rated appellant's permanent impairment at 15%, based on the disc condition and pain.

One year after the date judgment was entered, the appellant filed a motion to set aside the judgment on the ground that the judgment entered did not "properly reflect the plaintiff's true level of disability." Filed with the motion were the affidavits of two orthopedic surgeons, both of whom had treated the appellant after the judgment had become final. The affidavits indicate that subsequent to entry of the judgment a spinal fusion was performed at the affected intervertebral space. According to one affidavit, because of the disc problems at L4–L5 and the degenerative facet disease of L5–S1, a spinal fusion involving the L4 vertebrae through the sacrum was necessary to help the appellant obtain relief from the symptoms associated with that condition. The other affidavit states that the physician examined the appellant on March 24, 1989, and discovered "he had advanced degeneration of the L5–S1 facet joints of his spine and arthropathy at that level," and that the surgery performed, the spinal fusion, "was a reasonable attempt to relieve the aforesaid condition of [the appellant's] back in view of the failure to obtain a satisfactory resolution of it by conservative treatment."

■ The issue is whether the affidavits demonstrate that the judgment entered was based upon a "mistake" within the meaning of Rule 60.02, Tenn.R.Civ.P., which states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect.

Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order. Nor is the rule a mechanism for use by a party who is merely dissatisfied with the result of a particular case. Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated. As recently stated by this Court, "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990). Because of the importance of this "principle of finality," the "escape valve" should not be easily opened. When a party seeks the extraordinary relief permitted by Rule 60.02(1), "the burden is upon movant to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect." *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn.1978). *See also, Travis v. City of Murfreesboro*, 686 S.W.2d 68 (Tenn.1985).

■ Appellant contends that the trial court's original judgment was based upon a "mistake of fact respecting the extent of his [Mr. Toney's] injury." However, based upon the facts summarized above, the record does not support the appellant's position. The two surgeons' affidavits submitted in support of the appellant's motion do not state, or even suggest, that there was a mistake of fact concerning the extent of the appellant's injury and disability at the time of the original hearing in the case. One affidavit states only that the appellant required a spinal fusion due to his medical condition. The other affidavit stated that the spinal fusion "was a reasonable attempt to relieve the aforesaid condition of Mr. Toney's back in view of the failure to obtain a satisfactory resolution of it by conservative treatment."

The trial court was correct in finding "that the conditions for which plaintiff is presently being treated existed at the time of trial." Comparing the medical testimony at trial with the limited testimony contained in the two affidavits submitted in support of the appellant's motion, it appears that the primary difference in the medical opinions was the best treatment alternative for the appellant. At trial there

was detailed testimony by an orthopedic surgeon, a neurological surgeon, and a chiropractor concerning the diagnosis, treatment, and impairment of the appellant. The affidavits submitted in support of the Rule 60.02 motion do not question the medical opinions stated at trial and are insufficient to prove the existence of a "mistake" within the meaning of the Rule.

A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge; the scope of review on appeal is whether the trial judge abused his discretion. *Travis,* 686 S.W.2d at 70. The record does not support the appellant's claim that denial of the motion was an abuse of discretion.

The judgment of the trial court is affirmed. The costs are taxed to the appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.