IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

**MARGARET SCHINDLER HAAS,**

    Appellant,

Vs.

**MICHAEL LEE HAAS,**

    Appellee.

Shelby Law No. 141090
C.A. No. 02A01-9709-CV-00241

FILED

**September 11, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

FROM THE CIRCUIT COURT OF SHELBY COUNTY
THE HONROABLE JAMES E. SWEARENGEN, JUDGE


David E. Caywood and Marc E. Reisman of
Causey, Caywood, Taylor, McManus & Bailey of Memphis
For Appellant

Kathleen Day Norfleet of Memphis
For Appellee



*REVERSED AND REMANDED*

Opinion filed:



**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**



**CONCUR:**

**DAVID R. FARMER, JUDGE**

**DAVID G. HAYES, JUDGE**


This case, which is before us a second time, involves a petition to reduce child support.

Appellant, Margaret Schindler Haas (Mother), appeals the trial court's order reducing the amount

of the monthly child support obligation of appellee, Michael Lee Haas (Father).

The parties were married on November 8, 1986, and two children were born of the marriage. On January 4, 1993, Mother filed for divorce alleging irreconcilable differences and inappropriate marital conduct. In an attempt to resolve disputed issues, Mother's attorney wrote a letter to Father, who was then unrepresented by counsel, which stated in part that Father's monthly child support obligation would be approximately $1,700.00 per month. Shortly thereafter, Mother and Father met at a restaurant where the two reached an agreement that Father's child support obligation would be $2,000.00 per month.

Subsequently, the parties entered into a Marital Dissolution Agreement (MDA) which was approved and ratified by the trial court in the final decree of divorce entered May 12, 1993. Pursuant to the MDA, the trial court awarded the parties joint legal custody of the children, with primary physical custody to Mother and reasonable visitation rights to Father. The MDA provided that Father would pay $2,000.00 per month as support for the two children based upon his annual income of approximately $75,000.00. The MDA further provided that Father would provide health insurance for the children and pay all the children's uncovered medical expenses.

On March 23, 1994, Father filed a "Petition for Relief from Final Decree of Absolute Divorce," wherein he requested, *inter alia*, a reduction in his child support obligation. Father contended that he only agreed to pay $2,000.00 per month for child support after Mother informed him that he was responsible for payment of child support in such an amount per month in accordance with the Child Support Guidelines. Father also contended that it was only after he hired an attorney of his own in January 1994 that he learned that his child support obligation exceeded the guideline amount by approximately $600.00.

As grounds for the reduction in child support, Father asserted that a material change in circumstances warranted a reduction in the child support amount. In addition, Father argued that pursuant to Tenn. R. Civ. P. 60.02 he is entitled to relief from the judgment "due to the mistake, inadvertence and misrepresentation of the correct amount of guideline child support for one having an income of $75,000 per year."

Upon Father's request and after the trial judge entered an Order of Reference, the matter was referred to the divorce referee for hearing. The divorce referee denied Father's petition requesting a reduction of his child support obligation. Thereafter, Father filed a "Motion Appealing Referee's Ruling" and, in February 1995, an "Amended Petition for Relief from Final

2

Decree of Absolute Divorce." In the latter, Father asserted that a significant variance existed between the amount of child support which he should pay under the Child Support Guidelines and the amount of child support he is currently required to pay.

After a hearing, the trial judge entered an order finding that a significant variance greater than fifteen percent existed between the Child Support Guideline amount and the support order and reduced the child support from $2,000.00 per month to $1,394.00 per month.

Mother appealed to this Court, and this Court reversed the trial court's reduction in child support because the record did not reveal any change in circumstances since the entry of the divorce decree nor any material changes in Father's annual salary that would have warranted such reduction under T.C.A. § 36-5-101(a)(1). However, we remanded the cause to the trial court for a determination of whether Father should be granted relief pursuant to Tenn. R. Civ. P. 60.02.

On remand, the trial court again reduced Father's child support obligation as previously ordered pursuant to Tenn. R. Civ. P. 60.02. In granting such relief, the trial court found that the parties mistakenly applied the Child Support Guidelines by calculating child support using Father's gross income rather than his net income. Mother perfected this appeal and basically presents one issue for our review: Whether the trial court erred in reducing Father's child support obligation pursuant to Tenn. R. Civ. P. 60.02.

Mother asserts that the trial court erred in finding that there was a mistake by either party in the calculation of child support. She states that the child support amount Father agreed to pay for the benefit of the two minor children was a conscious decision which was reached between the parties after determining the needs of the children and that Father voluntarily assumed payment in an amount in excess of the minimum amount prescribed by the Child Support Guidelines. Mother further contends that even if there was a mistake in basing child support on gross income rather than net income, this mistake would constitute a mistake of law which does not entitle Father to relief pursuant to Tenn. R. Civ. P. 60.02.

On the other hand, Father contends that the trial court correctly reduced his child support obligation pursuant to Tenn. R. Civ. P. 60.02 upon finding that there had been an error in the initial calculation of child support and a mistake of fact regarding Father's income upon which the child support obligation was initially calculated. Father asserts that there was a mistake of

fact due to his mistaken belief that basing child support on gross income was the proper method of calculating such. Therefore, due to such a mistake, relief under Tenn. R. Civ. P. 60.02 was warranted.

A motion for relief pursuant to Tenn. R. Civ. P. 60.02 lies within the sound discretion of the trial court. On appeal, the scope of review is limited to whether the trial judge abused his discretion. ***Underwood v. Zurich Ins. Co.***, 854 S.W.2d 94, 97 (Tenn. 1993).

Tenn. R. Civ. P. 60.02 provides in pertinent part:

> **Rule 60.02 Mistakes - Inadvertence - Excusable Neglect - Fraud, etc. -** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

The Supreme Court of Tennessee has stated, "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn. 1990). "Because of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991).

Tenn. R. Civ. P. 60.02 is not a mechanism to be utilized by a party who is merely dissatisfied with the result of their case. ***Id***. The rule is meant to be used in only those cases that meet one or more of the criteria listed within the rule. ***Id.*** While Father alleges that relief is warranted under Tenn. R. Civ. P. 60.02 "due to the mistake, inadvertence and misrepresentation of the correct amount of guideline child support," the only possible basis in the record for relief under Tenn. R. Civ. P. 60.02 is under subsection (1) of the rule since the proof does not reveal any misrepresentation on Mother's part. Specifically, in order to grant Father's requested relief under Tenn. R. Civ. P. 60.02(1), there must exist some "mistake" that would warrant such relief.

Where the extraordinary relief provided for in Tenn. R. Civ. P. 60.02(1) is requested, the movant carries the burden to set forth in a petition or motion facts establishing why movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect. ***Hopkins v. Hopkins***,

572 S.W.2d 639, 640 (Tenn. 1978). The party seeking relief from a judgment under Tenn. R. Civ. P. 60.02(1) carries the burden of proof to establish facts which give rise to the requested relief. *Bivins v. Hospital Corp. of Am.*, 910 S.W.2d 441, 446 (Tenn. App. 1995).

This Court has stated that "a party 'must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'" *Kilby v. Sivley*, 745 S.W.2d 284, 287 (Tenn. App. 1987) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858 (1973)); *see also Algee v. State Farm Gen. Ins. Co.*, 890 S.W.2d 445, 447 (Tenn. App. 1994). Additionally, the Supreme Court of Tennessee has stated that if "ignorance of the law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground." *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985). "It is, of course, a general rule of law that the courts will sometimes grant relief from a mistake of fact, but not a mistake of law." *Metropolitan Dev. & Hous. Agency v. Hill*, 518 S.W.2d 754, 768 (Tenn. App. 1974). *See also Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 293-94 (Tenn. 1992) ("our examination of the medical and other proof leads us to conclude that there was no mistake within the meaning of Tenn. R. Civ. P. 60.02, in that there was no mistake of fact concerning Nails' injury and disability then existing at the time of the original hearing in the case").

Accordingly, it is well-established that a mistake of law will not warrant the relief provided for under Tenn. R. Civ. P. 60.02(1). Therefore, in order for Father to be granted relief pursuant to Tenn. R. Civ. P. 60.02(1), his alleged mistaken belief that it was proper to base the calculation of child support on gross income must be a mistake of fact rather than a mistake of law.

Pursuant to T.C.A. § 36-5-101, the Tennessee Child Support Guidelines set forth the minimum amount of child support a non-custodial parent is required to pay to the custodial parent. The Child Support Guidelines provide in pertinent part:

> The child support award is based on a flat percentage of the obligor's **net income** as defined in paragraph (4) below depending on the number of children for whom support is being set in the instant case. . . .

> \*　　　　\*　　　　\*

5

> After determining the **net income** of the obligor, that amount is to be rounded up to the next dollar amount. That amount is then multiplied by the percentage below that corresponds to the number of children for whom support is being set in the instant case. . . .

Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(2) and (5) (1989, revised 1994) (emphasis added).

Mother relies heavily upon *Hampton v. Hampton*, No. 01A01-9108CH00311, 1992 WL 1400 (Tenn. App. M.S. Jan. 8, 1992) for her contention that Father's alleged mistaken belief that his child support obligation was based on his gross income constitutes a mistake of law thereby preventing relief under Tenn. R. Civ. P. 60.02(1). In *Hampton*, the parties entered into a child custody and property settlement agreement which was incorporated into their divorce decree. The agreement provided in pertinent part that the father was to provide support for the parties' minor child until the child was twenty-one years of age. In an attempt to void the agreement, the father contended that he was mistaken as to the age of majority when agreeing to pay support until the child was twenty-one years of age, and that such mistake warranted relief from the agreement. *Id.* at *1. This Court characterized the father's mistake regarding the age of majority as a mistake of law and held that such a mistake did not void an otherwise valid agreement. *Id.* at *3.

Father attempts to distinguish *Hampton* by arguing that understanding the Child Support Guidelines is a much more complicated and onerous task than determining the legal age of majority. However, a plain reading of the Child Support Guidelines clearly states that child support is to be based upon a percentage of net income.

Mistake of law occurs when a party knows the facts of the case but is ignorant of the legal consequences. *State ex rel. McCormack v. American Bldg. & Loan Ass'n*, 177 Tenn. 385, 428, 150 S.W.2d 1048, 1065 (1941). It is clear that the law in Tennessee is that child support is to be based upon net income. *See* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(2) and (5). A mistake basing child support on gross income in contravention of the plain directives of the law necessitates the conclusion that such a mistake is clearly a mistake of law. From the record, it is evident that Father was aware of the facts of the case, but was ignorant of the law. This is not the type of mistake that Tenn. R. Civ. P. 60.02 is designed to correct. Thus, we conclude that Father's alleged mistaken belief that child support was based on gross income

constitutes a mistake of law.  As such, relief pursuant to Tenn. R. Civ. P. 60.02 should not have been granted since a mistake of law is not a valid ground for relief as contemplated by the rule.

Accordingly, the order of the trial court is reversed, and the case is remanded for such further proceedings as may be necessary.  Costs of appeal are assessed against the appellee.

                                    _____

                                    **W. FRANK CRAWFORD,**
                                    **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**DAVID G. HAYES, JUDGE**

7