IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 19, 2004 Session

## IN THE MATTER OF: THE ESTATE OF ROBERT SAMUEL REED, DECEASED, RICHARD GOSSUM, Administrator C.T.A. JOHN R. REED v. R. S. REED AND SONS, INC.

Direct Appeal from the Chancery Court for Gibson County
No. 14349-P     George R. Ellis, Chancellor

_____

No. W2003-00210-COA-R3-CV - Filed July 1, 2004

_____

This case arises from the Estate's suit to recover a debt from defendant Corporation. The parties reached an agreement regarding payment of the debt, and the trial court entered a consent order reflecting the terms of this agreement. Appellant then filed a rule 60.02 motion for relief from the consent order. The lower court denied the motion, finding that Appellant was not a party of record in the suit and, accordingly, had no standing to challenge the judgment. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Mark L. Agee, Jason C. Scott, Trenton, TN, for Appellant

Richard Gossum, Attorney for Appellee Estate of Robert S. Reed

Lewis L. Cobb, Jerry P. Spore, J. Brandon McWherter, Attorneys for Appellee John R. Reed

Bill R. Barron, Trenton, TN, for Appellee R. S. Reed & Sons, Inc.

## OPINION

## Facts and Procedural History

Robert S. Reed ("Decedent") died on March 27, 1999, survived by his wife, three daughters, and two sons. He left a will, admitted to probate on May 20, 1999, that appointed his sons, John Robert Reed ("Appellee") and Joseph Spencer Reed ("Appellant") as co-executors of his estate. Prior to his death, Decedent had owned the company R.S. Reed and Sons, Inc. ("Corporation") along with Appellee and Appellant. Once the will was admitted to probate, conflict quickly developed between the two sons, who could not agree on many issues regarding administration of their father's estate ("Estate"). This prompted Decedent's three daughters to file a petition for the removal of Appellant and Appellee as co-executors of the Estate and for the appointment of a successor administrator. On April 28, 2000, Appellee likewise filed a petition to resign as executor and to have his brother removed, as well. Following a hearing on May 18, 2000, the lower court granted the motions and appointed Richard Gossum ("Gossum") as executor of the Estate.

On September 17, 2001, Gossum, acting as personal representative of the Estate, filed suit against the Corporation seeking repayment of an alleged debt of $198,500.[1] The only named defendant was the Corporation, which properly filed an Answer. On November 5, 2001, Appellee filed a motion to intervene and file a creditor's bill. On March 5, 2002, the trial court entered a consent order granting Appellee's motion to intervene and file a creditor's bill. The order also set forth the total assets and debts of the Corporation. Because the Corporation had more debts than assets, the lower court ordered a pro rata distribution of available liquid assets to the Corporation's creditors, including the Estate. The consent order was signed by attorneys for the Estate, the Corporation, and Appellee, the only parties of record in the suit.

On May 2, 2002, Appellant filed a Rule 60.02 motion for relief from the consent order on the basis of mistake, inadvertence, surprise or excusable neglect. After entering an amended consent order on December 3, 2002, the trial court denied Appellant's motion for relief in an order dated December 17, 2002. In denying the motion, the lower court found that Appellant had no standing to seek relief because he was not a party to the suit. The trial court further found that, notwithstanding his non-party status, Appellant had still been kept apprised of the proceedings that culminated in the March 5, 2002 consent order. Appellant then timely filed this appeal, raising the following issue for our consideration:

> Whether the trial court erred in finding that Appellant lacked standing to seek relief
> from the consent order.

For the following reasons, we affirm the judgment of the trial court.

## Standard of Review

---

[1] Separate complaints were also filed against Appellee, Appellant, and other individuals seeking payment of other unrelated debts.

A motion for relief pursuant to rule 60.02 addresses the sound discretion of the trial court, and, as such, our review is limited to whether the lower court abused its discretion. *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991). The purpose of rule 60.02 is to "'strike a proper balance between the competing principles of finality and justice.'" *Id*. (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). As the Tennessee Supreme Court stated:

> Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of finality imbedded in our procedural rules. *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). Because of the importance of this "principle of finality," the "escape valve" should not easily be opened.

*Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

## Law and Analysis

The relevant facts of this case are undisputed. Gossum, acting as personal representative of the Estate, filed suit against the Corporation to recover a debt of $198,500. No other party was named in the complaint. Appellee subsequently filed a motion to intervene, which was ultimately granted in the consent order entered by the trial court on March 5, 2002. No other parties were ever named, nor did any additional party intervene. Accordingly, Appellant was never a party of record in the case at issue. It is fundamental that "[a] person who is not a party of record to a lawsuit has no standing therein which enables him or her to take part in the proceedings." *United States v. Green*, 42 F.R.D. 351, 352 (E.D. Tenn. 1967); *see also* 47 Am. Jur. 2d *Judgments* § 757 (2003) (citing *Wood v. Wood*, 113 N.W. 492 (Iowa 1907); *Hopkins v. Slusher*, 98 S.W.2d 932 (Ky. Ct. App. 1936); *Shaver v. Shaver*, 102 S.E.2d 791 (N.C. 1958); *Bynum v. Davis*, 327 S.W.2d 673 (Tx. Ct. App. 1959); *Home Owner's Loan Corp. v. Mascari*, 19 N.W.2d 283 (Wis. 1945)). Appellant, therefore, had no standing in this case to file his motion for relief, and the trial court was correct to deny the motion.

## Conclusion

For the foregoing reasons, we affirm the ruling of the trial court. Costs of this appeal are taxed to the Appellant, Joseph S. Reed and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE