# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 11, 2010 Session

## SHEMAIN SHERILLE RILEY, ET AL. v. EDITH SWIFT

**Appeal from the Circuit Court for Davidson County**
**No. 08C-2053     Amanda Jane McClendon, Judge**

_____

**No. M2009-01717-COA-R3-CV - Filed November 29, 2010**

_____

The General Sessions Court awarded the plaintiffs an $8,500 judgment for damages arising from a motor vehicle accident. The *pro se* defendant attempted to appeal the judgment to the Circuit Court, but failed to have the case docketed within 45 days after filing the notice of appeal, as is required by Davidson County Local Rule 20(b). The plaintiffs filed a motion to dismiss the appeal on the ground of untimeliness and to enforce the order of the General Sessions Court. The defendant did not respond to the motion, nor did she appear for the motion hearing. The Circuit Court granted the plaintiffs' motion and made the judgment of the General Sessions Court the judgment of the Circuit Court. The defendant then retained counsel, who filed a Rule 59.04 motion to alter or amend the judgment eight months after it was rendered. The Circuit Court denied the motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Edith La Verne Swift, Nashville, Tennessee, Pro Se.

Christopher M. Jones, Nashville, Tennessee, for the appellee, Shemain Riley

## OPINION

### I. BACKGROUND

This appeal arose out of an automobile accident that occurred on December 3, 2005. Plaintiff Shemain Sherille Riley was driving a car owned by plaintiff Carolyn Taylor. At the intersection of Russell Street and South Fifth Street in East Nashville, she collided with defendant Edith Swift, who was driving her own car. All the parties sustained bodily

injuries, including two passengers in Ms. Riley's car.  Both vehicles were totaled.

On November 28, 2006, Ms. Riley filed a civil warrant in the General Sessions Court of Davidson County against Ms. Swift.  She claimed that Ms. Swift had caused the accident by operating her car in a negligent manner, and she asked the court to award her a judgment for both personal injuries and property damage.  On February 21, 2008, Ms. Riley filed a motion to amend her warrant to add as plaintiffs Ms. Taylor and the two passengers in her car.  She attached her own medical bills and those of her two passengers to her motion.  The motion was granted.

On April 17, 2008 Ms. Swift filed a counter-complaint for property damage against Ms. Riley.  The case went to trial on June 11, 2008.  The court found Ms. Swift 100% liable for the motor vehicle accident.  In an order entered on June 17, 2008, the court awarded $4,000 to Carolyn Taylor for property damages and a total of $4,475.25 to the other three plaintiffs for their personal injuries.  Ms. Swift's counter-complaint was dismissed with prejudice, and she was ordered to pay the court costs.

Ms. Swift filed a *pro se* notice of appeal with the General Sessions Court clerk on June 20, 2008.  The face of the notice prominently displays the following message in bold type:

> **As the Appellant, it is your responsibility to take the necessary steps
> to have this case set on the docket within 45 days of its arrival in
> Circuit Court in accordance with Davidson County Local Rule 20(b).**

For reasons that are not clear from the record, Ms. Swift did not have her case set on the Circuit Court docket within the time period specified in Rule 20(b). On August 13, 2008, the plaintiffs filed a motion in the Circuit Court to dismiss Ms. Swift's appeal and to enforce the judgment of the General Sessions Court.  A Certificate of Service at the bottom of the motion stated that a copy of the motion had been sent to Ms. Swift at the address listed on her notice of appeal by U.S. Mail, postage prepaid.  The following statement is found below the Certificate of Service, in bolded capital letters:

> **THIS MOTION IS EXPECTED TO BE HEARD ON SEPTEMBER 5, 2008 AT 9:00 A.M.  FAILURE TO FILE AND SERVE A TIMELY WRITTEN RESPONSE TO THIS MOTION MAY RESULT IN THE MOTION BEING GRANTED WITHOUT FURTHER HEARING.**

Ms. Swift did not file a written response to the motion, which came before the court on the scheduled date. Although Ms. Swift later claimed that she was at the courthouse on that day, the trial court declared in an order dated September 17, 2008, that the defendant had failed to appear for the scheduled hearing, that the court had reviewed the pleadings and the motion to dismiss, and that it granted the motion, adopting the judgment of the General Sessions Court as the judgment of the Circuit Court. Ms. Swift was again ordered to pay all court costs.

Ms. Swift subsequently retained an attorney, who filed a motion to alter or amend the order of the Circuit Court almost eight months later, on May 15, 2009. The motion asserted that Ms. Swift actually did appear in court on September 5, 2008, "and was informed by the Court that no action was being taken because the motion had been struck." Ms. Swift asked for relief from the order because of the confusion as to whether the motion to dismiss was properly dealt with. She attributed some of the confusion to the fact that she was a *pro se* defendant.

The trial court heard the motion to alter or amend on July 10, 2009, including the arguments of counsel for both sides. In an order filed July 21, 2009, the court found that "given the delays in this matter," the defendant was not entitled to relief, and it denied the motion. This appeal followed.

## II. ANALYSIS

The Tennessee Rules of Civil Procedure include a process, set out in Rule 59, to enable the trial court to correct its own errors after entry of a judgment or order that adjudicates all the claims and all the rights and liabilities of all the parties, without the necessity of an appeal. Post-judgment motions under Rule 59, including a motion to alter or amend a judgment under Rule 59.04, "shall be filed and served within thirty (30) days after the entry of the judgment." If such a motion is filed within the thirty day period, the thirty day deadline for filing a notice of appeal to this court does not begin to run until the trial court enters an order that disposes of the post-judgment motion.

In the present case, Ms. Swift did not file a notice of appeal from the Circuit Court's order of September 17, 2008 within thirty days of its entry, thereby rendering that order final in the sense that it could no longer be appealed. She did, however, file a notice of appeal to this court within thirty days of the Circuit Court's dismissal of her motion under Tenn. R. Civ. P. 59.04 to alter or amend its order of September 17, 2008. Since her notice was timely as to that motion, our role on appeal is to review the trial court's holding that she was not entitled to relief, "given the delays in this matter."

As we noted above, Ms. Swift filed her Rule 59.04 motion to alter or amend the order of the Circuit Court on May 15, 2009, almost eight months after the filing of the order that she requested the Circuit Court to alter or amend. Therefore, that motion was itself untimely under Rule 59. The trial court would have been fully justified in dismissing her motion on that ground alone. However, the court also had the option of treating Ms. Swift's motion as a Rule 60.02 motion for relief, which allows a trial court to correct even a final judgment, when warranted by extraordinary circumstances. *See Toney v. Mueller Co.*, 810 S. W. 2d 145 (Tenn. 1991).

If we treat Ms. Swift's Rule 59.04 motion as a Rule 60 motion, we can look deeper into the record and examine the circumstances behind the Circuit Court's order of September 17, 2008, which Ms. Swift asked the Court to alter or amend. That order resulted from Ms. Swift's failure to comply with the time requirements of another set of rules – the Davidson County Local Rules of Procedure. The purpose of those rules is set out in Local Rule § 1.03: "These rules will be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. The Judge or Chancellor will deviate from these local rules only in the exceptional cases where justice so requires."

The Local Rule of Practice that Ms. Swift violated was Rule 20(b) which places a duty upon a party that files an appeal from a General Sessions judgment to secure a trial date from the Circuit Court within 45 days from the receipt of that appeal by the Circuit Court Clerk. Rule 20(b) also requires the clerk to give the appealing party or that party's attorney written notice of the rule. That notice appeared prominently on the face of the notice filed by Ms. Swift.[1]

Once the forty-five days passed without a trial date having been secured, Ms. Riley filed a motion in the Circuit Court to dismiss Ms. Swift's appeal and to enforce the judgment of the General Sessions Court. A copy of the motion, which stated that a failure to file and serve a timely written response to the motion could result in a grant of the motion without any further hearing, was mailed to Ms. Swift at her last known address. Despite that warning, the trial court's order of September 17, 2008 recites that Ms. Swift did not file a written response to the motion and that she did not appear on September 5, 2008 for the hearing on the motion. There is no evidence in the record to call into question these findings

---

[1] This case is not the first one in which this court has been called upon to consider the legal effect of a party's failure to comply with Davidson County Local Rule of Court 20(b). In *Metropolitan Government of Nashville and Davidson County v. Cuozzo,* No. M2007-01851-COA-R3-CV, 2008 WL 3914890 (Tenn. Ct. App. Aug. 25, 2008) (Rule 11 Application for Permission to Appeal denied by Supreme Court, Feb. 17, 2009), we considered such a failure and held that the trial court did not abuse its discretion in ruling against the appealing party.

by the trial court. In the absence of any evidence in the record, we may not even consider Ms. Swift's bare assertion that she appeared at the hearing of September 5, 2008.[2] Tenn. R. App. P. 13(c).

In her initial brief in this appeal, Ms. Swift sets out a long and rambling discussion of the circumstances of the accident from which the case arose, accuses the plaintiffs of perjuring themselves during the General Sessions proceeding, and concludes that it was impossible for her to have been 100% at fault for the accident.

The scope of the appellate review that this court is authorized to conduct is set out in Rule 13 of the Tennessee Rules of Appellate Procedure, which states in section (c), that, "[t]he Supreme Court, Court of Appeals and Court of Criminal Appeals may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14."[3] Our courts have uniformly held section 13(c) to signify that allegations of fact which fall outside the bounds of that rule may not be considered by the appeals court. *See*, for example, *Pendleton v. Mills*, 73 S.W.3d 115, 119 fn. 7 (Tenn. Ct. App. 2001) (memorandum of law accompanying motion for summary judgment was not part of the appellate record); *State v. Thompson*, 832 S.W.2d 577, 579 (Tenn. Crim. App. 1991) (mere statements of counsel cannot establish what occurred in the trial court unless supported by evidence in the record); *Reinhart v. Geico Insurance,* No. M2009-01989-COA-R3-CV, 2010 WL 3852048 (Tenn. Ct. App. Sept. 28, 2010) (affidavits that were not presented to the trial court could not be considered by the Court of Appeals).

Without an adequate transcript or a statement of the evidence, "this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor." *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987). The briefs of the parties and their statements during oral argument may sometimes be valuable in helping us understand

---

[2]Ms. Swift stated in her *pro se* reply brief on appeal that she did appear for the hearing of September 5, 2008, and that "[t]he honorable judge made eye contact with the Defendant and stated that the Defendant had won. Defendant believed that the General Session Court judgment was reversed in Defendant's favor and that the case was closed." However, there is no evidence in the record to support Ms. Swift's assertion.

[3]Rule 14 applies to post-judgment facts, consideration of which is declared to lie within the discretion of the appellate court. As the rule states, however, "[w]hile neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings. relief from the judgment requested or granted in the trial court, and other similar matters." None of Ms. Swift's allegations meet the definition of post-judgment facts.

the record, but they themselves are not part of the record. Counsel cannot establish what occurred in the trial court unless supported by evidence in the record.

We are aware that Ms. Swift represented herself on appeal and during some of the proceedings below. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts, and the courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Hessmer v. Hessmer*, 138 S.W.3d 901 (Tenn. Ct. App. 2003); *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts accordingly give *pro se* litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397; *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

However, the courts must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

According to the record of this case, the defendant failed to have the hearing of her appeal to the Circuit Court set on the docket in accordance with the local rules, failed to file a written response to the plaintiffs' motion to dismiss her appeal and to declare the judgment of the General Sessions Court the judgment of the Circuit Court, failed to appear in court for the scheduled hearing on the plaintiffs' motion, and failed to file her motion to alter or amend the court's order within thirty days of its entry, as required by Rule 59 of the Tennessee Rules of Civil Procedure. In sum, this court can find no basis for reversing the Circuit Court's order of July 21, 2009 denying Ms. Swift's motion to alter or amend its order of September 17, 2008.

## III.

The order of the trial court is affirmed. We remand this case to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Edith Swift.

_____
PATRICIA J. COTTRELL, JUDGE