IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 9, 2017 Session

**STEVEN M. WIRTH v. JAMES W. FRIEDLOB**

**Appeal from the Circuit Court for Davidson County**
**No. 16C-655          Kelvin D. Jones, III, Judge**

_____

**No. M2016-02422-COA-R3-CV**

_____

Breach of contract and negligence action brought by disabled plaintiff who engaged non-attorney representative to assist in plaintiff's application for social security disability benefits. The trial court granted summary judgment to the defendant and denied the plaintiff's motion to set the judgment aside, filed pursuant to Tennessee Rule of Civil Procedure 60.02(1). Plaintiff appeals; Determining that the trial court did not abuse its discretion in denying the Rule 60.02 motion, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Steven M. Wirth, Madison, Tennessee, Pro Se.

C. Bennett Harrison, Jr., and Peter C. Robison, Nashville, Tennessee, for the appellee, James Friedlob, Ed.D.

**OPINION**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In this appeal, Steven Wirth, the Plaintiff, seeks review of the trial court's denial of his motion filed pursuant to Tennessee Rules of Civil Procedure Rule 60.02(1) to set aside the grant of summary judgment to the Defendant, James Friedlob. The salient facts giving rise to the underlying suit, not disputed on appeal, are set forth in the order granting summary judgment:

> 1. Plaintiff Steven M. Wirth sought to be determined disabled in order to receive Social Security benefits. Plaintiff applied for disability

benefits on September 26, 2012, but his application was rejected and he was determined not disabled.

2. Plaintiff made a second application and again sought Supplemental Security Income benefits.

3. On December 3, 2013, Plaintiff retained Dr. Friedlob to represent him before the Social Security Administration ("SSA") in his already-filed second application.

4. Dr. Friedlob is a non-attorney Social Security Disability Representative with 15 years of experience.

5. Plaintiff and Dr. Friedlob signed a Fee Agreement in which Dr. Friedlob agreed to represent Plaintiff in exchange for "the lesser of 25 percent of [Plaintiff's] past-due benefits or $6,000[.]"

6. On August 13, 2015, Dr. Friedlob obtained a favorable decision on behalf of Plaintiff without the need for a hearing.

7. Plaintiff was awarded Supplemental Security Income benefits, including Medicaid, backpay, and monthly income with an onset date of September 16, 2012. . . . In the Decision Awarding Benefits, the Administrative Law Judge instructed Plaintiff that "The component of the Social Security Administration responsible for authorizing supplemental security income will advise the claimant regarding the nondisability requirements for these payments and, if the claimant is eligible, the amount and the months for which payment will be made."

8. Plaintiff was directed to contact the Social Security Administration by phone to discuss the details of his benefits. . . . As directed by the SSA, Plaintiff called the SSA and provided information to the relevant SSA component for determination of his past-due benefits.

9. After receiving a favorable determination by the administrative law judge, Plaintiff attempted to renegotiate the terms of the Fee Agreement he signed with Dr. Friedlob. . . . Dr. James Friedlob refused to alter the Fee Agreement or accept a lesser fee.

10. Plaintiff then terminated the representation on or about September 8, 2015, and notified the SSA of the termination.

11. As a result of the information he disclosed to the Social Security Administration, Plaintiff's backpay calculation was reduced from the maximum allowable amount based on imputed income and value received in the form of housing, rent, and other benefits provided to him by friends, family, charitable organizations, and from settlements in other *pro se* litigation.

12. Plaintiff continued to demand that Dr. Friedlob relinquish his right to fees under the Fee Agreement. . . . When Dr. Friedlob refused to do so, Plaintiff commenced this action, alleging professional negligence and breach of contract allegedly arising from the fact that Dr. Friedlob did not advise Plaintiff to describe the income and benefits he had received in

2

terms of loans rather than gifts or income, and the fact that Dr. Friedlob had not relinquished his fee.

On March 8, 2016, Mr. Wirth filed suit against Dr. Friedlob in Davidson Circuit Court, alleging that Dr. Friedlob "is a non-attorney Social Security Disability Representative eligible for direct payment of fees[,]" and that he "represented to Plaintiff that he possessed skills, knowledge and training in the area of the Social Security Disability process." After detailing the factual history of the processing of his claim by the SSA as set forth in the court's findings set forth above, Mr. Wirth asserted that Dr. Friedlob breached the standard of care and his contract with Plaintiff when he "failed to provide Plaintiff with sufficient information regarding the Social Security Administration's computation of past due benefits," which "caused the amount of past due benefits to which Plaintiff would otherwise have been entitled to receive to be reduced by thousands of dollars."[1]

In due course, Dr. Friedlob moved for summary judgment, contending that "all expert testimony on the record confirms that Dr. Friedlob did not breach the standard of professional care . . . and . . . did not breach his contract with Mr. Wirth."[2] Mr. Wirth did not file a response to the motion and, following a hearing, the court granted the motion and dismissed the case with prejudice. Mr. Wirth filed a motion pursuant to Rule 60.02(1) of the Tennessee Rules of Civil Procedure to set aside the judgment; following a

---

[1] In the August 27, 2015 Decision, the Administrative Law Judge determined that Mr. Wirth had been disabled since September 26, 2012, and advised that the "SSA. . . will advise [Mr. Wirth] regarding the nondisability requirements for these payments and, if [Mr. Wirth] is eligible, the amount and the months for which payment will be made." By letter dated September 15, 2015, Mr. Wirth was advised that his benefits for the period October 2012 to September 2015 were determined to be $1,383.00. By a Notice of Change in Payment dated November 4, 2015, Mr. Wirth was advised that his benefits for the period had been recalculated, resulting in a total award of $13,468.68. In his responses to Dr. Friedlob's Interrogatories, Mr. Wirth stated that:

> An expert on matters pertaining to how the Social Security Administration's regulations impact a claimant's past-due benefits will establish that a non-attorney representative similar to defendant, who was exercising the degree of skill, knowledge and ability ordinarily possessed and exercised by similarly situated professionals, would have made plaintiff aware of the steep reductions the SSA would use when calculating a claimant's past-due benefits when specific conformance with the SSA's regulations cannot be established by the claimant. Had defendant advised plaintiff of the SSA's requirements, plaintiff would have conformed to and been able to demonstrate that funds loaned to him were not countable as income by the SSA when calculating plaintiff's past-due benefit since October, 2012.

[2] Filed in support of the motion were: the August 27, 2015 Order of the Administrative Law Judge; Dr. Friedlob's Affidavit; the Fee Agreement; Mr. Wirth's responses to Dr. Friedlob's interrogatories; emails between Dr. Friedlob and Mr. Wirth; the November 4, 2015 notice of the change in payment; and a statement of undisputed facts.

hearing, the court denied the motion. Mr. Wirth appeals, stating the following issue for review: Did the trial court abuse its discretion when denying Appellant's motion for relief pursuant to Tennessee Rule of Civil Procedure 60.02.

## II. ANALYSIS

Rule 60.02(1) of the Tennessee Rules of Civil Procedure provides that a court may relieve a party from a final judgement for "mistake, inadvertence, surprise or excusable neglect." The party seeking relief under Rule 60.02(1) has the burden "'to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect.'" *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991) (quoting *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978)). "A motion for relief based on Rule 60.02 addresses itself to the sound discretion of the trial judge[, and t]he scope of review of an appellate court is to determine if that discretion was abused." *Underwood v. Zurich Insurance Co.*, 854 S.W.2d 94, 97 (Tenn. 1993) (citing *Banks v. Dement Const. Co. Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991); *Toney*, 810 S.W.2d at 146)). An abuse of discretion occurs if a trial court causes an injustice to a party by "(1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).[3]

In his brief on appeal, Mr. Wirth argues that his "sole reason for not responding to Appellee's motion for summary judgment was that his medical condition prevented him from doing so. Appellant's failure was not an intentional act." He argues further that the court abused its discretion in denying the motion because "his medical condition prevented him from filing a timely response to Appellant's motion for summary

---

[3] In *Lee Med., Inc. v. Beecher,* our Supreme Court has described the abuse of discretion standard of review thusly:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

312 S.W.3d at 524.

judgment and under those circumstances, the trial court should have found his failure to respond to be excusable neglect and not a 'free, calculated and deliberate choice.'"

The motion for summary judgment was filed on August 11, 2016, and the hearing set for September 23; this was in compliance with the requirement that the motion be filed at least thirty days before the hearing. *See* Tenn. R. Civ. Pro. Rule 56.04. Accordingly, Mr. Wirth could have filed a response to the motion up to five days before the hearing. *Id.* Mr. Wirth does not dispute that he did not file a response to the motion.

In the Rule 60 motion, Mr. Wirth sought primarily to explain why he did not respond to the motion for summary judgment; he attached several exhibits to the motion in that regard. Exhibit 1 to the motion is a letter dated September 22, 2016, from his retinal specialist stating that Mr. Wirth was being "treat[ed] for uveitis in his right eye. . . [his] visual acuity was decreased, and he is very photophobic due to the inflammation, making it very difficult for Mr. Wirth to perform his day-to-day activities"; the letter concludes by stating "[a]ny consideration or accommodation you can provide Mr. Wirth during this time would greatly benefit him as we manage and treat his condition." Exhibit 2 is a copy of an email from Mr. Wirth to opposing counsel on September 19 explaining his medical condition and requesting that "the hearing on the Defendant's motion for Summary Judgment be continued by at least 30 days." Exhibit 3 is a copy of an email dated September 22 from Mr. Wirth to opposing counsel which conveys a motion to continue, purportedly attached to the email.[4] Exhibit 4 is a copy of an email dated September 22, 2016, that Mr. Wirth sent to a former co-worker, purportedly attaching a fax cover sheet and motion to continue. Exhibit 5 is an affidavit of Lee Ginsberg, dated and sworn to on October 10, attesting that he is a partner in a law firm in New York where Mr. Wirth previously worked; that on September 22 Mr. Wirth conveyed by electronic mail to Mr. Ginsberg's office manager a facsimile transmission cover sheet addressed to the Davidson County Circuit Court Clerk and a Motion to Continue, with a request that the firm fax the documents to the clerk since Mr. Wirth did not have a fax machine; that Mr. Ginsberg would not approve Mr. Wirth's request until he was able to speak with him, which did not occur until October 8; and that the purpose of his affidavit was to explain why the fax transmittal sheet and motion to continue were not sent on September 22.

The exhibits attached to the Rule 60 motion provide proof of the steps that Mr. Wirth took to continue the hearing on the summary judgment motion beginning on September 19, five days before the hearing. The exhibits do not explain why he did not either file a preliminary response or move to continue the hearing since August 11, when the motion was filed. We note in this regard that the letter from his retinal specialist was apparently not obtained until September 22, the day before the hearing. Significantly,

---

[4] The motion to continue referenced in the email is not attached to the copy of the email that is in the record on appeal.

neither the motion to continue, the doctor's letter, nor the email correspondence was before the court on September 23; as a consequence, the motion for summary judgment was unopposed.[5]  In the order granting summary judgment, the trial court made findings of fact as established in the materials filed in support of the motion and stated conclusions of law based on those facts; the court did not base the grant of summary judgment on Mr. Wirth's failure to file a timely response to the motion.

As we consider this issue, we are mindful of the substantial deference to the trial court's decision that our standard of review mandates.  *See Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).  The material Mr. Wirth filed in support of the Rule 60.02 motion does not establish excusable neglect for his failure to file a timely response to the summary judgment motion, nor support a conclusion that, in denying the motion, the court applied an incorrect legal standard, reached an illogical or unreasonable decision, or based the decision on a clearly erroneous assessment of the evidence.  We discern no abuse of discretion in the trial court's denial of the Rule 60 motion.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

RICHARD H. DINKINS, JUDGE

---

[5]  Rule 56.06 states in pertinent part:

> . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. . . .*

Tenn. R. Civ. P. 56.06 (emphasis added).