**Beverly Sue Bedow KILLION,
Plaintiff–Appellee,**

v.

**TENNESSEE DEPARTMENT
OF HUMAN SERVICES,
Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Dec. 28, 1992.

Charles W. Burson, Atty. Gen. and Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for defendant-appellant.

Ethel P. Laws, Morristown, for plaintiff-appellee.

OPINION

REID, Chief Justice.

This case presents an appeal by the Department of Human Services from the judgment of the Court of Appeals granting the plaintiff a hearing on her complaint to

set aside the surrender of a minor child. The surrender was executed more than three years prior to the filing of the complaint. The trial court held that the surrender had become final and could not be revoked. The Court of Appeals reversed the trial court's order and remanded the case for a determination of whether revocation would be in the best interest of the child. The record supports the judgment of the trial court dismissing the suit.

In September 1986, the Chancellor accepted the voluntary surrender of the plaintiff's ten-year-old daughter pursuant to T.C.A. § 36-1-114(b). In February 1990, the plaintiff filed a Petition to Set Aside Direct Surrender. The plaintiff asserts that at the time of the surrender, the plaintiff was emotionally and physically ill, she was homeless, the child was experiencing behavioral problems, the plaintiff apprehended that she would lose custody of the child and two other children, and she expected the child to be placed for adoption. The plaintiff further alleges that she has recovered her health, the child has been placed in a mental health facility, there is no reasonable expectation that the child will be adopted, and it would be in the best interest of the child that the surrender be revoked and the child be "deinstitutionalized."

The trial court granted the Department of Human Services's motion to dismiss on the ground that the court had no authority under Rule 60 of the Tennessee Rules of Civil Procedure, or T.C.A. § 36-1-117, to order revocation of the surrender. The Court of Appeals reversed, holding that such relief may be granted pursuant to Rule 60.

The trial court and the Court of Appeals correctly applied T.C.A. § 36-1-117, which limits the maximum time within which a surrender may be revoked to 15 days. T.C.A. § 36-1-117(a)-(b) (1991). The statute provides that the 15-day period may be further limited by the filing of a petition for adoption, but it provides no authority for the revocation of surrender more than 15 days after the date of the surrender. T.C.A. § 36-1-117(e)(1).

■■■ However, contrary to the holding of the Court of Appeals, Rule 60 does not authorize the revocation of a surrender on the ground that revocation is in the best interest of the child. The complaint obviously does not allege facts that constitute a basis for relief under subsections (1) to (4) of Rule 60.02, which provide that a court "may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, ... misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; [or] (4) the judgment has been satisfied...." In addition, the Rule provides that application for relief under subsections (1) and (2) must be made within one year from the entry of the judgment. Apparently, the Court of Appeals found that relief could be granted under the general language of subsection (5), which allows relief for "any other reason justifying relief from the operation of the judgment."

The circumstances of this case do not bring it within the terms of subsection (5). The substance of the plaintiff's allegations is a change of circumstances. She alleges that she has recovered her health, that there is no reasonable expectation that the child will be adopted, and that revocation of the surrender would remove a legal obstacle to the development of a relationship between the child and her that would be beneficial to the child. These allegations may be relevant to an action for custody or adoption, but they do not constitute grounds to set aside a judgment under Rule 60.

■■■ The purpose of Rule 60 is to alleviate the effect of an oppressive or onerous final judgment. "Rule 60.02 'was designed to strike a proper balance between the competing principles of finality and justice.' " *Banks v. Dement Construction Co.*, 817 S.W.2d 16, 18 (Tenn.1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). This rule "is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn.1991). " 'Rule 60.02 acts as an escape valve from possible ineq-

uity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules.' Because of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." *Id.*, (quoting *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990)).

The principle of finality is of paramount importance in this area of the law. The judgment of the Chancery Court accepting the surrender more than three years prior to the filing of the instant suit, was entirely appropriate. It was not oppressive or onerous. Consequently, that judgment shall remain final.

In addition, Rule 60.02 provides that application for relief under the rule must be filed within a reasonable time. *Wooley v. Gould, Inc.*, 654 S.W.2d 669, 670 (Tenn. 1983), *rev'd on other grounds, Betts v. Tom Wade Gin*, 810 S.W.2d 140 (Tenn. 1991). Even if this were an appropriate case for relief under subsection (5) of Rule 60.02, the delay in making application for relief would preclude a finding that the application was made within a reasonable time as required by the rule.

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

Costs are taxed to the plaintiff-appellee.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.