STATE OF TENNESSEE ex rel.,          )          Fentress Juvenile
    DEBORAH D. WILLIS,                )          No. J-898

        Petitioner/Appellee,          )

                               )          **Appeal No.**
VS.                                                   )          **01A01-9804-JV-00175**

CECIL WILLIS, JR.,                          )

        Respondent/Appellant.        )

FILED

November 3, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE JUVENILE COURT OF FENTRESS COUNTY
### AT JAMESTOWN, TENNESSEE

### HONORABLE WILLIAM J. CAMPBELL, JUDGE

William B. Lawson
P.O. Box 16
112 Gay Street
Erwin, Tennessee 37650
ATTORNEY FOR DEFENDANTS/APPELLEES,

Kimberly M. Frayn
2nd Floor, Cordell Hull Bldg.
425 Fifth Avenue, North
Nashville, Tennessee 37243-0499
ATTORNEY FOR PLAINTIFF/APPELLANT

### REVERSED AND VACATED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| STATE OF TENNESSEE ex rel., | ) | Fentress Juvenile |
|---|---|---|
| DEBORAH D. WILLIS, | ) | No. J-898 |
| | ) | |
| Petitioner/Appellee, | ) | |
| | ) | Appeal No. |
| VS. | ) | 01A01-9804-JV-00175 |
| | ) | |
| CECIL WILLIS, JR., | ) | |
| | ) | |
| Respondent/Appellant. | ) | |

# O P I N I O N

This case involves the efforts of the State of Tennessee on relation of Deborah D. Willis, former wife of Cecil Willis, Jr., to obtain the revocation of a surrender executed by him surrendering his three children, Deborah May, Pamela R. and Andrew V. for adoption. The Juvenile Judge, who witnessed the surrenders, later entertained the petition to revoke and ordered the surrenders to be revoked. The respondent, Cecil Willis, Jr., has appealed to this Court, presenting the following issue:

> I.      Whether a Trial Court has authority to revoke a "surrender of Child" by the natural father directly to the natural mother and stepfather almost four (4) years after its execution. Furthermore, whether a surrender simply becomes void after the passing of 120 days when an adoption has not yet occurred.

It is obvious from the present record that a divorce preceded this proceeding, but the divorce proceedings are not included in this record.

On August 9, 1993, the following document was executed, acknowledged and filed with the Juvenile Clerk on August 11, 1993.

> **SURRENDER OF A CHILD BY THE NATURAL
> FATHER DIRECTLY TO THE NATURAL
> MOTHER AND STEPFATHER**
>
> I, the undersigned father, deeming it for the best interest of my child, Pamela Rebecca Willis, female, born February 15, 1985, in Hardin County, Kentucky, in wedlock, hereby execute the surrender of all parental rights and responsibilities and consent for the child to be legally adopted by Charles William Keeley, Jr.

I have the legal right to surrender this child for adoption as the child's legal parent by birth of this child that was born in wedlock.

I understand that by signing this surrender, all my rights and responsibilities with respect to this child are terminated.

I agree not to attempt to disrupt this child's future relationship by visiting, attempting to communicate with Pamela Rebecca Willis, or attempting her removal either physically or through legal proceedings.

### SIGNATURE OF NATURAL FATHER

Father: Cecil Willis, Jr.; Race: White; Marital Status: Married D.O.B.: 8-4-62; Permanent Address: 1537 Devil's Fork Road, Flag Pond, Tennessee 37657

Signed:   __Signature_____
                Cecil Willis, Jr.

STATE OF TENNESSEE
COUNTY OF FENTRESS

Before me, the undersigned authority in and for the state and county aforesaid, this day personally appeared Cecil Willis, Jr., the bargainor, with whom I am personally acquiainted and acknowledged the execution of the above instrument for the purposes therein contained, as witness my hand and official seal, this 09 day of August, 1993.

___Frank Smith_____
Notary Public

My Commission expires:
___9 - 94____

### AGREEMENT OF NATURAL MOTHER AND ADOPTING STEPFATHER

We, the natural mother and the prospective adopting father, understand that by affixing our signatures to this surrender, we hereby agree to assume responsibility for the care, custody, financial support, medical care, education, moral and spiritual training of Pamela Rebecca Willis.

### SIGNATURE OF ADOPTING PARENT

Father: Charles William Keeley, Jr.; Race: White; Marital Status: Married; D.O.B.: 7-21-59; Permanent Address: Route 1, Box 212, Jamestown, Tennessee 38556

_____Signature_____
                Charles William Keeley, Jr.

**SIGNATURE OF NATURAL MOTHER**

Mother: Deborah Deloris Keeley; Race: White; Marital Status: Married; D.O.B.: 5-12-64; Permanent Address: Route 1, Box 212, Jamestown, Tennessee 38556

Signed: _____Signature_____
Deborah Deloris Keeley

**WITNESS OF SURRENDER**

Cecil Willis, Jr. personally appeared before me on the 9th day of August, 1993, at the courthouse in Fentress County, Tennessee, for the purpose of surrendering to Deborah Deloris Keeley and Charles William Keeley, Jr. for adoption and stated that he is the father of Pamela Rebecca Willis and accepts full responsibility for this free and voluntary act.

This August 9, 1993.

_____Signature_____
William J. Campbell
Juvenile Judge for Fentress
County, Tennessee

Identical documents were executed, acknowledged and filed in respect to Deborah and Pamela.

The record contains no evidence that the proposed adoptions were ever properly perfected.

The brief of the State asserts that the mother sought and obtained AFDC benefits for the children, but these facts do not appear in the record before this Court.

On March 4, 1997, a motion was filed in the Juvenile Court reading as follows:

STATE OF TENNESSEE ex rel.,
DEBORAH D. WILLIS,
Petitioner

versus

CECIL WILLIS, JR.
Respondent

-4-

## MOTION TO REVOKE SURRENDER
## AND NOTICE OF HEARING

The IV-D Division of the District Attorney General's Office on behalf of the STATE OF TENNESSEE ex rel. DEBORAH D. WILLIS would show that:

1.      On August 9, 1993, the Respondent appeared before Juvenile Court Judge William J. Campbell and surrendered his parental rights to the following children: (1) Andrew V. Willis, born November 8, 1988. (2) Deborah Mae Willis, born August 24, 1982, and (3) Pamela R. Willis, born February 15, 1985.

2.      The purpose of the surrender was to allow the children to be adopted by their step-father Charles W. Keeley, Jr., who at that time was married to Deborah Willis.

3.      An adoption proceeding was never filed by Deborah Willis and Charles W. Keeley, Jr., as they later divorced.

4.      The children have been wards of the State of Tennessee since November 1, 1995, when AFDC benefits resumed. It is in their best interest that the surrender of parental rights of the Respondent be revoked.

THEREFORE, THE PETITIONER requests that:

A.      The Respondent's surrender of parental rights as to the three (3) children be revoked effective the date of filing of this motion;

B.      The State be awarded any other relief which the Court deems the State to be entitled;

C.      Court costs, if any, be taxed to the Respondent.

NOTICE IS HEREBY GIVEN that this motion will be heard by Judge William J. Campbell in the Juvenile Courtroom of the Fentress County Courthouse in Jamestown, TN at 2 p.m. on Monday, March 17, 1997.

_____(Signature)_____
PAMELA A. KISSEL
Assistant District Attorney
P.O. Box 310, Huntsville, AL
37756
(423) 663-2532

On May 22, 1997, the Juvenile Judge entered the following order:

STATE OF TENNESSEE ex rel.
DEBORAH D. WILLIS,       No. 909
Petitioner              IV-D #2548640-01

versus

CECIL WILLIS, JR.
Respondent

## ORDER REVOKING SURRENDER
## OF PARENTAL RIGHTS

This cause came to be heard on May 5, 1997 before Judge William J. Campbell on the MOTION TO REVOKE SURRENDER, statements by the assistant district attorney and counsel for respondent and the entire record, from all of which the Court finds that:

1.      On August 9, 1993, the respondent appeared before the Juvenile Court Judge William J. Campbell and surrendered his parental rights to the following children: (1) Andrew V. Willis, born November 8, 1988, (2) Deborah May Willis, born August 24, 1982, and (3) Pamela R. Willis, born February 15, 1985.

2.      The purpose of the surrender was to allow the children to be adopted by their step-father, Charles W. Keeley, Jr., who at the time was married to their mother, Deborah Willis.

3.      An adoption proceeding was never filed by Deborah Willis and Charles W. Keeley, Jr. as they later divorced.

4.      The children have been wards of the State of Tennessee since November 1, 1995, when AFDC benefits resumed. It is in their best interest that the surrender of parental rights of the respondent be revoked.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that:

A.      The surrender of parental rights of the respondent, Cecil Willis, Jr., is revoked effective March 1997 when the State's motion was filed.

B.      Court costs are taxed to Cecil Willis, Jr., 2537 Devils Fork Rd., Flag Pond, TN 37657.

ENTERED on this 14th day of May, 1997, NUNC PRO TUNC TO May 5, 1997.

                                                                           Signature

_____Judge William J. Campbell

APPROVED FOR ENTRY:

    Signature_____
Pamela A. Kissel
Assistant District Attorney
(423) 663-2532

The undersigned hereby certifies that a true and correct copy of this pleading has been served by delivery, or through the U.S. Mail with sufficient postage to carry it to its destination, upon all parties to this action. May 7, 1997.

Signed: Pamela A. Kissel

To: (1) Deborah Willis and (2) William Lawson, attorney for Cecil Willis, Jr., P.O. Box 16, Erwin,TN 37650.

On appeal, the appellant, Mr. Willis, insists that the Juvenile Court had no authority to revoke the surrenders. The resolution of this issue depends upon legislation in effect at the time of the surrenders and at the time of the attempted judicial revocation.

On May 22, 1997, the date of the revocation order, T.C.A. § 36-1-103(b) (1966) provided:

        Adoptions and terminations of parental rights pending on January 1, 1996, and surrenders and consents executed prior to January 1, 1996, shall be governed by prior existing law.

"Prior existing law" included T.C.A. § 36-1-117 which provided:

        **36-1-117. Revocation of surrender - Form**. - (a)(1) No surrender shall be revoked after the time herein provided.

        (2)    No surrender shall be revoked after the entering of an interlocutory decree or a final order of adoption

-7-

when entering of an interlocutory decree has been waived in accordance with the provisions in this part.

**36-1-117 - Domestic Relations.** (b) P r o v i d e d a petition to adopt has not been filed, any parent(s) who has surrendered a child for adoption shall have the absolute right to revoke the surrender within fifteen (15) days from the date of the execution of the surrender by appearing in chambers before the chancellor or circuit judge before whom the surrender was executed, or his successor in office, and presenting to him the original and two (2) copies of the revocation of the surrender.

Tennessee Code Ann. § 36-1-114 (Supp. 1993), provides the form, criteria for, and inquiries to be made by the Court during a surrender. In relevant portion, said provision also specifically provided that "...the child so surrendered shall become a ward of the court until the filing of the petition for adoption. During this time, the court shall have jurisdiction of all matters pertaining to the child."

In the present case, on August 9, 1993, the three children were surrendered by a father who lost the power to revoke the surrender 15 days later on August 24, 1993. At that time, if the person to whom the children were surrendered, decided not to adopt the children, that person was empowered to surrender the children to a licensed child-placing agency. Apparently, this second surrender did not take place. Instead, application was made by someone to the State to supply support to the children, and such support was granted resulting in the present effort of the state to force the surrendering father to perform his responsibilities to the children despite the above cited statutory provisions.

The record contains a brief narrative statement of the evidence containing the following:

> The respondent has had no contact with either the minor children nor the petitioner herein nor with the childrens' prospective step-father since executing the surrenders. On or about March 4, 1997, the State of Tennessee, ex. rel., Deborah D. Willis-Keeley, filed a motion in this Court alleging, inter alia, that the petitioner Charles W. Keeley, Jr., were divorced and that Mr. Keeley, Jr., had never adopted the children.

The State further alleged that the petitioner, Deborah D. Willis-Keeley had resumed receiving AFDC benefits and moved the Court to revoke the surrenders alleging that the revocation was in the best interests of the minor children.

It is obvious that, before the inception of this unfortunate situation, Mr. and Mrs. Willis were divorced by a court which thereby acquired continuing jurisdiction of the minor children of the parties. It is therefore surprising that the parties would go to a different court to effectuate their plans for transfer of responsibility for the welfare of the children.

It is also surprising that the State agency did not appeal to the divorce court to enforce its orders for support and custody of the children.

In *Killion v. Tenn. Dept. Of Human Services*, Tenn. 1992, 845 S.W.2d 212, the question before the Supreme Court was whether a mother could revoke a surrender three years after its execution by invoking T.R.C.P. Rule 60. The Court ruled that she could not because T.C.A. § 36-1-117 limited the time for revocation to fifteen days. The Court also held that Rule 60 does not authorize later revocation "because it is in the best interest of the child."

In two unpublished opinions, this Court has held that a surrender does not relieve the surrendering parent of liability for child support until such liability is fully placed upon the adoptive parent by adoption decree.

The Supreme Court has held that contract for adoption should not be enforced, because the final decision as to the best interest of the child is for the adoption court. In re: Petition to Adopt Glenda Sue Clements. 201 Tenn. 98, 296 S.W.2d 875 (1956).

The appellant contends that a court has no power to revoke a surrender which has not been revoked by the surrendering parent within the time allowed by T.C.A. § 36-1-112

-9-

(1996).  We agree.  We see nothing in the adoption statutes that gives the state the authority to seek   a revocation of the surrender.   The statutes in effect in 1993 only gave the surrendering parents a fifteen day period in which to revoke -- if a petition for adoption had not been filed in the meantime.  Tenn. Code Ann. § 36-1-117(b).  If a petition had been filed, the court had the power to determine what was for the best interest of the child.  Tenn. Code Ann. § 36-1-117(e)(1).

Under the circumstances, the Juvenile Court erred in revoking the surrender, and the order of revocation is vacated.  Since the question of the father's liability for continuing support has not been litigated, that question is not before us.  It must first be decided by a court having jurisdiction of the parties and the subject matter.

In its discretion, this Court taxes one-half of all costs, both trial and appellate to the appellant, and the remainder of said costs to the appellee.

The judgment of the Juvenile Court, revoking the surrender of parental rights of Cecil Willis, Jr., is reversed and vacated, and the motion or petition filed by the State of Tennessee seeking revocation of said surrender is overruled/denied, without prejudice to any proper application made to a court of competent jurisdiction to enforce the payment of child support from the appellant.

**REVERSED AND VACATED**.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM B. CAIN, JUDGE