# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 21, 2011 Session

## WHITNEY MARIE MacRAE v. THOMAS PAUL MacRAE

**Appeal from the Fourth Circuit Court for Knox County**
**No. 112043      Bill Swann, Judge**

**No. E2011-00023-COA-R3-CV-FILED-OCTOBER 26, 2011**

The trial court granted Whitney Marie MacRae ("Wife") a divorce by default against Thomas Paul MacRae ("Husband"). The default was based upon Husband's failure to comply with an order compelling him to respond to Wife's discovery requests. Shortly after Wife remarried – which was nearly a year after the divorce judgment was entered – Husband filed a motion pursuant to Tenn. R. Civ. P. 60.02 to set aside the judgment. The trial court denied the motion. Husband appeals from that denial. Wife argues that the judgment should not be set aside; she seeks damages for a frivolous appeal. We affirm the judgment of the trial court. We also find the appeal to be frivolous and remand to the trial court for a determination of the damages due Wife pursuant to the provisions of Tenn. Code Ann. § 27-1-122 (2000).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Fourth Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, J.J, joined.

Brett D. Stokes, Knoxville, Tennessee, for the appellant, Thomas Paul MacRae.

Shelley S. Breeding, David L. Dothard, and Allison Starnes-Anglea, Knoxville, Tennessee, for the appellee, Whitney Marie MacRae.

# OPINION

## I.

On October 6, 2008, Wife filed this action seeking a divorce from Husband. Husband answered on or about January 30, 2009, and included a counterclaim for divorce. On March 4, 2009, Wife filed a motion for entry of a parenting plan that allowed Husband only supervised visitation with the parties' minor son. The factual basis for her motion was that Husband had been charged with 50 counts of child pornography and pleaded guilty to at least one count of possession of child pornography. She supported her motion with an affidavit that stated Husband had not exercised any visitation with the child since the parties had separated approximately nine months earlier. The separation occurred when the child pornography charges came to light. During the time the divorce proceedings were pending, Husband lived in Las Vegas and Wife lived in Knoxville.

On June 2, 2009, Husband's counsel filed a motion to withdraw asserting that Husband had not complied with his retainer agreement. The court entered an order on June 22, 2009, granting the motion. The order did not stay the proceedings or establish any deadlines other than requiring Husband to "obtain substitute surety to prosecute this action within 30 days."

In the meantime, on or about June 12, 2009, Wife filed a motion to compel discovery.[1] Her motion asserted that her interrogatories and request for production of documents served on April 1, 2009, had not been answered. Husband later served a "response" to the request for production of documents by stating, with respect to almost every request, "[Wife] has all documents." Husband occasionally varied the response, but only in form not in substance. Husband provided no documents. Furthermore, Husband provided no answers to the interrogatories.

The court heard Wife's motion on July 1, 2009, and entered an order granting the motion on July 2, 2009. The order states, in pertinent part:

> After hearing argument of [Wife's] counsel and review of the
> entire record in this matter, the Court found such Motion to be
> well-taken and ordered that [Husband] answer [Wife's]
> Interrogatories and Request for Production of Documents no
> later than July 15, 2009. The Court also found that if [Husband]

---

[1]This motion is not in the technical record; however, there is no question as to whether it was filed. The record is replete with references to the motion and its contents.

-2-

fails to comply, [Wife] may move for default on July 15, 2009 under Tenn. Rules of Civil Proc. 37 and Tenn. Rules of Civil Proc. 55.

The date of July 15, 2009, came and went without Husband supplying the discovery ordered. Wife did not "file" a motion for default; however, the clerk of the trial court did serve notice on all parties and counsel, including Husband, of a hearing to be held July 15, 2009, on an otherwise undescribed "motion."

On July 15, 2009, the court proceeded to take proof from Wife in the absence of Husband. No attorney appeared on his behalf. The trial court granted Wife a divorce on the ground of Husband's inappropriate marital conduct. The court ordered Husband to pay Wife her attorney's fees of $1,000 in addition to a $750 attorney's fees assessed against Husband on the motion to compel. The court awarded the marital residence to Wife and made Husband responsible for the mortgage debt in addition to credit card debt. The court changed the child's last name to Wife's maiden name. It adopted a parenting plan which required Husband to pay child support of $779 per month and allowed him two hours of supervised visitation per week. The court explained its reasons for granting judgment by default as follows:

> [Wife] propounded Interrogatories and Request for Production of Documents to [Husband] on April 1, 2009.
>
> [Husband's] counsel withdrew as counsel of record in June 2009 due to [Husband's] failure to pay for legal services. Shortly after [Husband's] counsel withdrew, he contacted [Wife's] counsel and requested an electronic copy of the Interrogatories and Request for Production of Documents so that he could forward the same to [Husband].
>
> [T]he Court granted an Order on July 1, 2009 for [Husband] to produce such discovery responses on or before July 15, 2009.
> . . .
>
> [Husband] requested the discovery documents; however, as of 9:00 a.m. on July 15, 200[9], he failed to respond to the [discovery requests].

[Husband's] willful failure to supply answers to the [discovery] has made it impossible for [Wife's] counsel to move forward on this matter.

[Husband] has failed to otherwise defend and thus has attempted to prolong this litigation by imposing procedural delays, to the prejudice of [Wife's] rights.

\*     \*     \*

[Husband] was convicted in Las Vegas, Nevada of Possession of Sex Pictures of [a] Minor, a felony offense.

[Husband] served time in a Nevada prison as part of his sentencing for the felony conviction.

[Husband] has been incarcerated at least three (3) times during these divorce proceedings for violating his parole.

(Paragraph numbering and repetitive introductory word "that" omitted.)

Wife remarried on June 21, 2010. On July 7, 2010, Husband, by new counsel, filed a motion pursuant to Tenn. R. Civ. P. 60.02 for relief from the divorce judgment. The motion is not absolutely clear as to the grounds Husband relies upon; it can arguably be read to assert that (1) Husband's "failure" to respond was excusable as he tried to respond to discovery in a timely fashion but Wife's counsel inexplicably rejected, on at least one occasion, mail that contained the responses; (2) a second mailing was not returned – therefore Wife's representation to the court that Husband did not respond at all was fraudulent; and (3) the property and distribution of debts was extremely inequitable and the parenting plan was so onerous as to require relief. Wife responded that her counsel did indeed receive Husband's response to the request for production and that she had made the court aware of the same but the responses were so lacking in substance that they were the same as receiving no response. Wife also filed numerous affidavits to the effect that her counsel's office had not rejected any mailings. Wife also asserted that Husband's criminal activities and related activities for which he was not charged, which included forging Wife's name to credit card charges, and his failure to maintain a relationship with the child effectively defeats his claim that he is the victim of an inequitable judgment.

Husband appeared at the Rule 60.02 motion hearing with counsel. Although he was cautioned once by the court to "[b]e careful," the hearing transcript does not reflect Husband

being restrained in any manner. On December 1, 2010, the court entered an order denying Husband's motion. The order states in pertinent part:

> . . . [C]ontrary to [the suggestion of] [Husband's] counsel . . . , the Court finds that the Order to Withdraw as Counsel did not allow [Husband] a "safe haven of thirty (30) days within which to do something with regard to discovery."
>
> Furthermore, the Court finds that [Husband] was notified of and bound by the terms of the Court's July 2, 2009 Order or default would be applied.
>
> On July 2, 2009, the Court ordered that [Husband] was to produce his responses to [Wife's] discovery no later than July 15, 2009. The Court's Order stated that if [Husband] failed to comply, the [Wife] would be able to move for a default judgment against [Husband] on July 15, 2009 pursuant to Rules 37 and 55 of Tenn. R. Civ. P.
>
> On July 15, 2009, [Wife] moved for default and the Court was careful and cautious in entering the default judgment. The Court reviewed the record as a whole and reviewed [Husband's] responses to discovery which were provided to the Court by [Wife's] Counsel. The Court found such responses to be utterly and completely inadequate.
>
> The Court finds that "ask Whitney" [found in Husband's response] is not an acceptable response to discovery; [Husband] never responded to the Requests to Admit or Interrogatories. Furthermore, it is this Court's opinion, that the "ask Whitney" notations and certain others in [Husband's] discovery responses are utterly unacceptable and insufficient responses.
>
> Another issue raised by [Husband] relates to the mailing of the responses and the Court finds it inexplicable why the mailing was not received by [Wife's] counsel.
>
> Nevertheless, [Wife's] counsel received a copy of the same and had such available for the Court's review at the July 15, 2009

-5-

hearing. Upon review at the July 15, 2009 hearing, the Court found such to be utterly insufficient.

(Paragraph numbering in original omitted.)

## II.

Husband, by his third counsel, timely filed a notice of appeal from the order denying the Rule 60.02 motion. He raises numerous issues which we have restated liberally to correspond to the substance of the arguments advanced by him:

> Whether the judgment was obtained by fraudulent misrepresentations of Wife's counsel that she had received no responses to discovery knowing full well that Husband had provided responses, albeit inadequate.
>
> Whether the lack of a motion to compel and an order on the motion to compel in the technical record render the resulting judgment void.
>
> Whether Husband was given adequate notice that a default judgment against him was being considered on July 15, 2009.
>
> Whether Husband was unduly prejudiced at the hearing on his motion for relief from the judgment by being forced to participate in handcuffs.
>
> Whether the judgment should have been set aside simply as inequitable and overly onerous.

Wife raises the issue of whether Husband waived some or all of these issues by his failure to raise them in the trial court and whether we should award her attorney's fees and expenses pursuant to Tenn. Code Ann. § 27-1-122 due to the frivolous nature of Husband's appeal.

## III.

Our standard for reviewing a trial court's order disposing of a Tenn. R. Civ. P. 60.02 motion is as stated in **Henry v. Goins**, 104 S.W.3d 475 (Tenn. 2003):

In reviewing a trial court's decision to grant or deny relief pursuant to Rule 60.02, we give great deference to the trial court. Consequently, we will not set aside the trial court's ruling unless the trial court has abused its discretion. An abuse of discretion is found only when a trial court has applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining. The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court.

*Id*. at 479 (citations and quotation marks in original omitted).

The grounds for granting relief from a final judgment are stated in Tenn. R. Civ. P. 60.02 as follows:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

It is against these rule provisions that we must compare Husband's motion to determine whether the trial court abused its discretion.

IV.

The substance of Husband's first argument is that he mailed his discovery responses to Wife's counsel; therefore, according to him, he complied with the order and Wife obtained the judgment by misrepresentation. This argument completely overlooks the fact that Wife's counsel made the court aware that she had received something that purported to be responses,

-7-

which responses the court found to be "utterly insufficient." The "responses" were not signed. They were just handwritten notes suggesting that Wife had all the documents, therefore Wife should not be asking him for them. The argument also overlooks the fact that Husband's "responses," even if they qualify to be called responses, ignore the interrogatories altogether. Husband's counsel at the Rule 60.02 hearing did not "dispute that his discovery was not complete." We hold that the trial court did not abuse its discretion in refusing to grant relief from the judgment; the judgment was justified because of Husband's woefully inadequate "responses" to Wife's discovery. Wife did not obtain the judgment by misrepresentation. We further hold that this argument by Husband is utterly without merit.

Husband's next argument, construed liberally in his favor, is that there was never a motion to compel or an order compelling Husband to respond to discovery because neither the motion nor the order is in the technical record. It is true that the technical record, as originally filed with the appellate court clerk, did not contain either the motion or order. However, we ordered that the technical record be supplemented to include the order on the motion to compel. That has now been done. We have quoted excerpts from that July 2, 2009 order. Had we thought the motion was necessary to an understanding of the issues, or that there was a reasonable question as to whether a motion to compel was ever filed, we would have ordered that the supplement include the motion. *See* Tenn. R. App. P. 24. There appears to be no question regarding whether the motion was filed. We also note that this issue was not raised in the Rule 60.02 motion or at the hearing on the motion. We therefore hold that there was no abuse of discretion in refusing to set the judgment aside for lack of an underlying motion to compel and order compelling discovery. This argument is also completely lacking in merit.

Husband's next argument is that he did not have notice that a judgment by default might be entered against him. Wife points out in her brief that many of the issues Husband raises on appeal were not raised in the trial court. At oral argument before us, Wife's counsel specifically argued that Husband did not raise lack of notice as a basis for relief in the trial court. We have reviewed Husband's Rule 60.02 motion and the transcript of the hearing on the motion and find no mention of lack of notice. It is well settled that a party waives an issue on appeal that was not first raised at trial. ***Powell v. Community Health Systems, Inc.***, 312 S.W.3d 496, 511 (Tenn. 2010); ***Black v. Blount***, 938 S.W.2d 394, 403 (Tenn. 1996). Accordingly, this issue was waived.

Alternatively, we hold that Husband received adequate notice that his failure to supply meaningful responses to Wife's discovery by July 15, 2009, would subject him to judgment by default. He knew that he had been served with multiple forms of written discovery to which he had provided no meaningful responses. He also knew the trial court had entered

an order which gave him until no later than July 15, 2009, to provide meaningful responses. There is no contention to the contrary. In the order entered July 2, 2009, the court

> ordered that [Husband] answer [Wife's] Interrogatories and Request for Production of Documents no later than July 15, 2009. The [c]ourt also found that if [Husband] fails to comply, [Wife] may move for default on July 15, 2009 under Tenn. Rules of Civil Proc. 37 and Tenn. Rules of Civil Proc. 55.

Because of some confusion in the record as originally transmitted to us as to whether Wife had filed a formal written motion for default and whether Husband received notice of the hearing held July 15, 2009, we ordered that the record be supplemented with (1) the Order entered July 2, 2009; (2) any notice of a hearing to be held on July 15, 2009; and (3) any motion for default filed by Wife or the trial court clerk's certification that no such motion was filed. The clerk of the trial court has now certified to this court that Wife "has not filed a motion for default in this case." However, it has also been certified that "the trial court clerk mailed notices to each party *and* their counsel of record on July 2, 2009, for a hearing scheduled for July 15, 2009." (Emphasis added). The notice specifies that the "case is set for MOTION at 09:00AM on Wednesday, 7/15/2009." (Capitalization in original; underlining in original omitted). Although the order of July 2, 2009, and the notice could have been clearer, we believe Husband was on notice that on July 15, 2009, the court would take up the matter of whether or not he complied with the July 2, 2009, order, and, if not, the consequences of that failure. Husband was also on notice that those consequences could include a judgment by default. Therefore, we hold that Husband is not entitled to relief from the judgment for lack of notice that the court would determine on July 15, 2009, whether he should be held in default.

Again, as with the other arguments, Husband's argument that he did not receive notice that he could be held in default for failing to supply responsive material to Wife's discovery requests is without merit. This is especially true given his failure to raise the issue with the trial court.

Husband argues he was unduly prejudiced by being handcuffed and placed under arrest at the hearing on his Rule 60.02 motion. We note that there is no factual basis for this argument in the technical record. Husband's former counsel has signed an affidavit, which his counsel on appeal has supplied to this Court as part of an "Appendix." The affidavit has not been made part of the record. Even if we look beyond the lack of a factual basis for Husband's contention, his argument persuades us of nothing. He seems to suggest that Wife has now married a law enforcement officer and that we should infer her law enforcement spouse persuaded the bailiff to wrongfully arrest Husband. Even if we take a leap of faith

and assume that, through some vindictive desire, Wife or her counsel wrongfully persuaded the bailiff to arrest and handcuff Husband, there is no explanation in Husband's brief as to how that fact alone impacted the court's denial of his Rule 60.02 motion. We will not presume wrongdoing on the part of the trial judge and other public officials. There is no merit in this argument.

Husband's final argument is that the allocation of all major debts to him with practically none of the assets and his restricted parenting time make the judgment inequitable. Husband's argument on this point, in toto, is that the judgment "is inequitable pursuant to the legal principles pronounced by *Beason v. Beason*, 120 S.W.3d 833 (Tenn. Ct. App. 200[3]) and is also oppressive and onerous pursuant to the legal principles pronounced in *Killion v. TN Dept. Of Human Services*, 845 S.W.2d 212 (Tenn. 1992)." Husband misses the point of both cases. In *Beason*, we found that the trial court's discretion in granting relief pursuant to Tenn. R. Civ. P. 60 should not be disturbed because, even if we did not necessarily agree with the result, we could not say that the trial court had abused its discretion. *Id*. at 840. One significant difference between the present case and *Beason* is that Husband offered no proof in support of his post-judgment motion whereas the trial court in *Beason* was presented with proof, including oral testimony, that supported the request for relief. *Id*. In *Killion*, the Supreme Court reversed this Court's determination that a biological mother's request for revocation of her surrender of a child three years after the surrender could, depending upon the best interest of the child, possibly justify relief pursuant to Tenn. R. Civ. P. 60.02(5). 845 S.W.2d at 213. Subpart (5) of Rule 60.02 "allows relief for 'any other reason justifying relief from the operation of the judgment.'" *Id*. In the end, the Rule 60 motion in *Killion* did not justify disturbing the judgment. The same is true in the present case. Husband did not appeal the divorce judgment. It was his burden to show that he was entitled to relief under Tenn. R. Civ. P. 60.02. *Beason*, 120 S.W.3d at 840. Rule 60.02 is an escape valve that should not be easily opened. *Killion*, 845 S.W.2d at 213-14. Husband put on no proof to convince either the trial court or this Court that the judgment was so inequitable as to warrant the vacating of same. Wife argues that Husband's abuse of credit cards, which included forgery of her name, and his failure to maintain a relationship with his child justify the judgment. We have no proof to the contrary. We hold that the trial court did not abuse its discretion in refusing to relieve Husband of the judgment that he now contends was inequitable and oppressive. We further hold that there is absolutely no merit to Husband's argument.

V.

We turn now to Wife's request that we award her attorney's fees for defending a frivolous appeal. Courts are authorized by Tenn. Code Ann. § 27-1-122 to award "just damages" including fees and expenses to a party forced to respond to a frivolous appeal:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

*Id*. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." ***Industrial Dev. Bd. of Tullahoma v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (citation omitted) (*quoting* ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202, 205 (Tenn. 1978)). "Parties should not be forced to bear the cost and vexation of baseless appeals." ***Young v. Barrow***, 130 S.W.3d 59, 66 (Tenn. Ct. App. 2003). As we worked through the issues raised by Husband, we found that each is devoid of merit. Accordingly, we hold that Wife is entitled to receive an award of damages under the statute for defending a meritless appeal. The amount of Wife's damages will be determined by the trial court on remand.

VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Thomas Paul MacRae. This case is remanded, pursuant to applicable law, for a determination of Wife's damages in defending this frivolous appeal.

_____<br>CHARLES D. SUSANO, JR., JUDGE