IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 23, 2012 Session

# DIXIE A. WILLIS, ET AL. v. DAVID A. WEST, D.O.

**Direct Appeal from the Circuit Court for Dyer County**
**No. 05-129      Lee Moore, Jr., Judge**

---

**No. W2011-01856-COA-R3-CV - Filed July 17, 2012**

---

The trial court denied Plaintiffs' Tennessee Rule of Civil Procedure 60.02 motion to set aside a second order of voluntary nonsuit in this medical malpractice action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Michael C. Skouteris, Milton E. Magee, Jr., and Donnie A. Snow, Memphis, Tennessee, for the appellants, Dixie A. Willis and Bernard Willis.

Hurbert B. Jones, Dyersburg, Tennessee, for the appellee, David A. West, D.O.

## OPINION

This appeal arises from a medical malpractice lawsuit. The issues presented for our review concern the trial court's denial of Plaintiffs' Rule 60.02 motion to set aside an improvidently filed second Tennessee Rule of Civil Procedure 41 motion for voluntary dismissal. The trial court denied the motion on the grounds that 1) it was based on the same set of facts and arguments asserted in Plaintiffs' Rule 59 motion to alter or amend, which was denied by the trial court and not appealed; 2) that it was untimely; and 3) that it was not justified on the merits. Before turning to the issues raised on appeal, we note the procedural background of this case.

### Background

Plaintiffs Dixie A. Willis (Ms. Willis) and Bernard Willis (Mr. Willis) collectively,

"Plaintiffs" filed their original action in the Circuit Court for Dyer County in 2004. The action was voluntarily nonsuited pursuant to Tennessee Rule of Civil Procedure 41 by order of nonsuit entered by the trial court in November 2004. The lawsuit was refiled on October 20, 2005. In their 2005 complaint, Plaintiffs alleged that Ms. Willis had sustained life-altering, permanent injuries resulting from a staphylococcus infection following surgery to her shoulder. Plaintiffs asserted that deviations from the standard of acceptable professional practice by Defendant David A. West, D.O. ("Dr. West") proximately and directly cause Ms. Willis's injuries. In June 2007, the trial court gave notice that the case appeared to be dormant and would be dismissed without prejudice unless brought to a final conclusion by August 10, 2007. On July 18, 2007, Plaintiffs filed a motion to extend the deadline, stating that the case could reasonably be expect to be concluded within 120 days. The trial court removed the case from the dormant docket in August 2007.

It appears that no further action was taken in the matter, and in December 2007 the trial court entered a second notice that the case was dormant and would be dismissed unless brought to a final conclusion by February 22, 2008. On February 7, 2008, Plaintiffs again moved the trial court to remove the action from the dormant docket and to enter a scheduling order in the matter. In an affidavit attached to the motion, Plaintiffs' legal counsel stated that the delay was not caused by any actions on the part of Plaintiffs, but by counsel's personal matters, including the illness of counsel's father and the relocation of counsel's law offices. The trial court again removed the matter from the dormant docket and entered a consent scheduling order in May 2008. Dr. West replied to Plaintiffs' first set of interrogatories in July 2008.

In January 2009, the trial court entered a consent order substituting counsel for Dr. West. In April 2009, a notice of substitution of Plaintiffs' counsel was filed. On April 28, 2009, Dr. West filed a motion for status conference and to extend deadlines in the scheduling order due to the substitution of counsel. The trial court entered an order substituting Plaintiffs' counsel on August 7, 2009, and on September 11, 2009, the trial court entered an amended scheduling order. The amended scheduling order provided, in pertinent part, that Plaintiffs must produce and make available Dr. David Clymer ("Dr. Clymer"), their Rule 26 trial expert, for discovery deposition no later than October 20, 2009. On September 16, 2009, Dr. West filed notice that Dr. Clymer's videotaped discovery deposition would be taken on October 12, 2009. The deposition was rescheduled by agreement for Monday, October 26, 2009.

Dr. Clymer apparently again became unavailable for deposition in accordance with the scheduling order, and at approximately 3:02 PM on Friday, October 23, 2009, Plaintiffs' counsel faxed a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Tennessee Rules of Civil Procedure from his office in Memphis to the Dyer County Circuit

Court Clerk's office. He also served the notice by fax to counsel for Dr. West at approximately the same time. The unusual series of events following the undisputed transmission of the October 2009 notice of nonsuit give rise to the issues now before this Court.

According to Plaintiffs, before filing the 2009 nonsuit, Plaintiffs' counsel spoke with the trial court clerk's office to ascertain whether a nonsuit had previously been filed in the matter, and was informed that no earlier nonsuit had been filed in the case. Plaintiffs assert that, less than an hour after faxing the notice of nonsuit, Plaintiffs' counsel called the court clerk's office and asked that the notice not be filed. According to Plaintiffs, counsel decided the nonsuit should not be filed until he could search the record to confirm first-hand that a prior nonsuit had not been filed. However, upon receipt of service of Plaintiffs' notice of nonsuit by fax, Dr. West's counsel ("Defense counsel") went to the court clerk's office to confirm that the notice had been filed. According to Dr. West:

> After receipt of the "Notice of Voluntary Non-Suit", counsel for Dr. West went to the Circuit Court Clerk's Office to confirm that the "Notice of Voluntary Non-Suit" had been filed as stated and to get the copy served on him stamp filed. . . . Counsel for defendant asked Ms. Kimberly Hill, the Deputy Circuit Court Clerk, if the Circuit Court Clerk had received a facsimile filing of a "Notice of Voluntary Non-Suit" in this case. . . . Ms. Hill checked and confirmed they had just received a facsimile transmission of a "Notice of Voluntary Non-Suit" for filing from Skouteris and Magee, PLLC, with a coversheet from such law firm. . . . Counsel for the defendant then asked her to stamp the "Notice of Voluntary Non-Suit" which she had received filed and to stamp the copy of the "Notice of Voluntary Non-Suit" which had been served on him by Skouteris and Magee filed.

At 3:55 p.m., the notice of voluntary nonsuit sent by Plaintiffs' counsel to the trial court and Defendant's copy were stamped filed by a deputy court clerk who was not aware of Plaintiffs' counsel's telephone conversation attempting to withdraw the notice. At 4:43 p.m. the same day, Defense counsel faxed a letter to Plaintiffs' counsel acknowledging the notice of voluntary dismissal and requesting submission of an order to be signed by the court as early as possible.

On Monday, October 26, 2009, Plaintiffs' counsel traveled to the Dyer County court clerk's office to search the record to determine whether a prior nonsuit had been filed. Plaintiffs' counsel spoke to another deputy court clerk, who informed him that the October 23 notice of nonsuit had been stamped filed. Plaintiffs' counsel told the deputy court clerk that he did not intend for the faxed notice to be filed, and the deputy clerk removed the notice

and the accompanying fax cover sheet from the file and discarded it. The notice apparently had not yet been entered into the computer data records.

On October 30, 2009, Dr. West filed a motion for entry of an order of voluntary dismissal. He attached the filed-stamped copy of Plaintiffs' notice of voluntary dismissal to his motion. On December 7, 2009, notice was given that Dr. West's motion would be heard by the trial court on December 21, 2009. Plaintiffs secured assistance of local Dyer County counsel, and on December 21, 2009, Plaintiffs filed a motion to withdraw the October 2009 notice of voluntary nonsuit and a response to Dr. West's motion for entry of an order of dismissal.

Following hearings on December 21 and February 12, 2010, on February 26, 2010, the trial court entered an order requiring Plaintiffs' counsel to produce a copy of the fax cover sheet transmitted with the October 2009 notice of nonsuit. On March 23, Plaintiffs' counsel filed notice that he was unable to locate the cover sheet.

On April 8, 2010, the trial court entered an order finding that it was Plaintiffs' intent to voluntarily dismiss the case when the notice of nonsuit was faxed to the court and served on Defense counsel on October 23, 2009. The trial court found that the notice was filed stamped at 3:55 on Friday, October 23, 2009, and that the notice and fax cover sheet were discarded by a deputy court clerk on the following Monday. The court found that, although the fax cover sheet could not be produced, Plaintiffs' counsel had sent a cover letter to Defense counsel stating, "please find enclosed a copy of the Notice of Non-Suit in the Dixie Willis v. David West case that was filed today." The court found that "some type of cover sheet or cover letter was sent with the Non-Suit" containing all the information required by Rule 5A of the Tennessee Rules of Civil Procedure. The court found that the pleadings were deemed filed when delivered to the clerk. The trial court found that the matter had been voluntarily nonsuited and dismissed Plaintiffs' motion to withdraw the nonsuit.

Plaintiffs filed a Rule 59.04 motion to alter or amend on May 7, 2010, and an amended motion on June 1, 2010. In their accompanying memorandum, Plaintiffs asserted that they were entitled to relief under Rule 59.04 for "excusable neglect." Following a hearing on July 27, 2010, the trial court denied Plaintiffs' Rule 59.04 motion by order entered on August 10, 2010. Plaintiffs did not appeal the trial court's judgment.

On April 6, 2011, Plaintiffs filed a Rule 60.02 motion seeking relief from the trial court's August 2011 judgment on the grounds of "excusable neglect." Following a hearing in July 2011, the trial court denied the Rule 60.02 motion by order entered August 2, 2011. The trial court denied the motion on the grounds that, because the motion raised issues and asserted facts and grounds identical to those raised in Plaintiffs' Rule 59 motion, Plaintiffs'

Rule 60.02 motion amounted to an impermissible serial Rule 59 motion. The trial court determined that the issue had been adjudicated in the court's previous order, and could not be relitigated. The trial court alternatively found the motion was not filed within a reasonable time from entry of the August 2010 order, and additionally determined that it should be denied on the merits. Plaintiffs filed a timely notice of appeal to this Court.

### *Issues Presented*

Plaintiffs present the following issues for our review:

(1)     Was the Notice of Voluntary Dismissal actually filed by adverse counsel against the Plaintiffs' wishes?

(2)     If the Notice of Voluntary Dismissal was filed by adverse counsel against the Plaintiffs' wishes, then is the filing void?

(3)     Did the trial court apply the wrong legal standards when deciding the substantive issues of mistake or excusable neglect?

(4)     Did the trial court reach illogical or unreasonable conclusions under the circumstances?

(5)     Did the trial court rely upon clearly erroneous assessments of the evidence below?

Appellee, on the other hand, asserts the proper issues are:

(1)     Whether the trial court correctly held plaintiffs' "Motion for Rule 60.02 Relief" was a motion to reconsider the trial court's ruling on a previously filed Rule 59 motion and not an authorized motion under the Tennessee Rules of Civil Procedure.

(2)     Whether the trial court abused its discretion in ruling plaintiffs' "Motion for Rule 60.02 Relief" was not timely filed.

(3)     Whether the trial court abused its discretion in denying plaintiffs' "Motion for Rule 60.02 Relief" on the merits.

## *Standard of Review*

We review a trial court's ruling on a Tennessee Rule of Civil Procedure 60.02 motion for relief from a final judgment under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012)(citation omitted). An abuse of discretion occurs "'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *Id.* (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010) (quoting *State v. Banks*, 271 S.W.3d 90, 116 (Tenn.2008))). This standard does not allow an appellate court to substitute its judgment for that of the trial court. *Id.* (citing *see Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003)). Rather, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.'" *Id.* (quoting *Eldridg*e, 42 S.W.3d at 85 (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000))). With this standard in mind, we turn to the issues presented for review.

## *Discussion*

The dispositive issue in this case, as we perceive it, is whether the trial court abused its discretion by denying Plaintiffs' Rule 60.02 motion based on excusable neglect. Tennessee Rule of Civil Procedure 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the

court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

The purpose of the rule is "'to alleviate the effect of an oppressive or onerous final judgment.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010)(quoting *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005) (quoting *Killion v. Dep't of Human Servs.*, 845 S.W.2d 212, 213 (Tenn. 1992))). It is aimed at striking the "'proper balance between the competing principles of finality and justice.'" *Id.* (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). Rule 60.02 is not intended "to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome." *Id.* (citing *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991)). Rather, Rule 60.02 is an "'escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules.'" *Id.* (quoting *Thompson v. Firemens Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990)). "[T]his 'escape valve' should not be easily opened." *Id.* (quoting *Toney*, 810 S.W.2d at 146). Relief under Rule 60.02 "is appropriate only in those relatively few instances that meet the criteria of the rule." *Id.*

A party who seeks relief from a final judgment under Rule 60.02 carries the burden of demonstrating entitlement to relief by clear and convincing evidence. *Id.* (citing *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)). Clear and convincing evidence is evidence that "leaves 'no serious or substantial doubt about the correctness of the conclusions drawn.'" *Id.* (quoting *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992))).

In this case, as the trial court stated, the circumstances surrounding the filing of Plaintiffs' notice of nonsuit in October 2009 were fully known and considered by the trial court before the court entered its April 2010 order denying Plaintiffs' motion to withdraw the nonsuit and dismissing the case. The issue was again addressed when the trial court adjudicated Plaintiffs' rule 59 motion to alter or amend on the grounds of excusable neglect. Plaintiffs did not appeal the trial court's order denying their Rule 59 motion. The trial court's order dismissing the case became final 30 days after entry of the final judgment on August 10, 2010. Eight months after the trial court entered final judgment, Plaintiffs filed their Rule 60.02 motion asserting identical facts and identical grounds for relief as those asserted in their motion to withdraw the notice of nonsuit and their motion for relief under Rule 59.04.

We find no abuse of discretion on the part of the trial court in denying Plaintiffs' Rule 60.02 motion where the issues raised in the motion previously were adjudicated by the trial court. We recently held that, although the Rules do not prevent a party from filing more than one Rule 60.02 motion, a party's second Rule 60.02 motion that was predicated upon facts and issues identical to those presented in the party's first Rule 60.02 motion was properly denied on the grounds of *res judicata*. *Lyons v. Leffew*, No. M2010–00645–COA–R3–CV, 2011 WL 1884591, at *3 (Tenn. Ct. App. May 17, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011).

As we stated in *Lyons*, "[t]he doctrine of *res judicata* applies when 'an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.'" *Id.* (quoting *Galbreath v. Harris*, 811 S.W.2d 88, 90 (Tenn. Ct. App.1990)). In the present case, the issues raised by Plaintiffs in their Rule 60.02 motion were litigated fully twice in the trial court. Plaintiffs' did not appeal the trial court's judgment denying relief on the basis of excusable neglect, and that judgment became final and conclusive on the issue. Plaintiffs' Rule 60.02 motion asserts no issues or facts not previously adjudicated. The trial court did not abuse its discretion by denying Plaintiffs' Rule 60.02 motion where the motion sought to relitigate issues previously adjudicated by the trial court and not appealed within the time allowed by Rule 3 of the Tennessee Rules of Appellate Procedure.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Remaining issues are pretermitted as unnecessary in light of this Opinion. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs. Costs of this appeal are taxed to the Appellants, Dixie A. Willis and Bernard Willis, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE