# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 8, 2013 Session

## H. JEWELL TINDELL ET AL. v. CALLIE A. WEST ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 178105-3     Michael W. Moyers, Chancellor**

---

**No. E2012-01988-COA-R3-CV-FILED-NOVEMBER 25, 2013**

---

This is the second appeal in this boundary line dispute between neighbors. Following (1) the original trial, (2) the release of our opinion in the first appeal, and (3) the subsequent issuance of the mandate, the defendants, husband and wife, filed a motion "to void or set aside the judgment" pursuant to Tenn. R. Civ. P. 60.02. The trial court denied the motion. The defendant Callie A. West appeals, raising issues regarding the propriety of the court's earlier trial rulings. We hold that defendant Mrs. West waived these issues, either by failing to raise them at the first trial, or by failing to raise them in the first appeal. We affirm the trial court's judgment that Mrs. West has not established a Rule 60.02 ground for relief from the final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Callie A. West, Knoxville, Tennessee, appellant, pro se.

James M. Cornelius, Jr., and James P. Moneyhun, Jr., Knoxville, Tennessee, for the appellee, H. Jewell Tindell.

# OPINION

## I.

On June 25, 2010, plaintiff H. Jewell Tindell filed this action against Callie A. West and her husband, M. Adam West, asking that the boundary line separating their lots be established and demanding compensatory and punitive damages. After a bench trial, the court awarded Tindell a judgment establishing the boundary according to one of her two surveys, and further awarded her the cost of her surveys as damages. The court also ordered the Wests to remove all encroachments. On the Wests' first appeal, we reversed that part of the judgment awarding as damages the cost of the surveys. We affirmed the trial court's judgment in all other respects. ***Tindell v. West***, No. E2011-01744-COA-R3-CV, 2012 WL 1525035 at *1 (Tenn. Ct. App. E.S., filed Apr. 30, 2012) ("***Tindell I***").

Before the mandate in ***Tindell I*** issued, the Wests, acting pro se, filed in the trial court a motion for new trial on May 25, 2012. The trial court denied the motion by order entered on July 2, 2012. The Wests then filed, on July 10, 2012, a "motion to vacate judgment" in the trial court. Significantly, following the entry of our opinion and judgment in ***Tindell I***, the Wests did not file a petition to rehear in this Court as allowed by Tenn. R. App. P. 39(b), nor did they file an application for permission to appeal to the Supreme Court as allowed by Tenn. R. App. P. 11.

After the requisite 64-day period following entry of our opinion and judgment in ***Tindell I***, *see* Tenn. R. App. P. 42,[1] the mandate was issued to the trial court on July 27, 2012. On August 17, 2012, the Wests filed in the trial court a "motion to amend previous motion to void" and a "motion to void or set aside judgment." In their motion to void or set aside this Court's judgment, the Wests alleged that Tindell committed perjury in the trial; that she fraudulently moved the survey markers delineating the property line; that the trial court committed errors in its evidentiary rulings during the trial; that, because the trial court granted the Wests' former counsel permission to withdraw, they were denied their constitutional right to effective assistance of counsel; and that the trial court should have held that Tenn. Code Ann. § 28-2-103(2000), which provides that "[n]o person . . . shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued," barred Tindell's action against them. The trial court, by order entered August 28, 2012, denied the Wests' motion.

---

[1]Rule 42(a) provides in pertinent part: "The clerk of the Court of Appeals . . . shall transmit to the clerk of the trial court the mandate of the Court of Appeals . . ., with notice to the parties, 64 days after entry of judgment unless the court orders otherwise."

II.

Callie West[2] timely filed a notice of appeal in which she raises the following issues, which we quote verbatim from her brief:

1. When the [trial c]ourt Granted the Wests' attorney's Motion to Withdraw, was it not err[or] to treat the Wests disparately? Was it not a violation of their Rights, to subject them to stricter standards than an attorney?

2. After a showing was made, that the previous owner of Tindell's property was the entity that had installed the fence, on their own property, was it error for the [trial c]ourt to rule that the fence belonged to the Wests and order the fence removed?

3. After a showing that the surveys and surveyors had manipulated the laws, especially the laws concerning surveyors and surveys, was it not err[or] for the Chancery Court to refuse to set aside the Court's original judgment?

4. After denying the Wests the use of the Cofer Affidavit on the grounds of hearsay, was it not error for the Chancery Court to allow all of the witnesses and Tindell to continually reference statements the Cofers had made, without holding those statements were also hearsay?

5. Whether or not the trial Court erred when on July 02, 2012 the trial Court signed an Order Denying the Wests' Motion for New Trial, and the August 27, 2012 Amended Order[.]

6. Whether the trial Court erred when the Court Denied Defendants' July 10, 2012 Motion to Vacate Judgment.

---

[2]While the names of both Mr. and Mrs. West were typed on the notice of appeal in this second appeal, only Mrs. West signed the notice. Because she is not an attorney and, hence, cannot represent her husband's interests, an order was entered by us on November 6, 2012, designating Mrs. West as the sole appellant. We will continue to refer to the Wests in the plural with respect to proceedings in the trial court and on the first appeal.

7. Whether the trial Court erred when the Court on August 28, 2012 Denied Defendants' August 17, 2012 Motion to Void or Set Aside Judgment.

(Italics, bold font, and citations to record omitted.)

III.

The Wests' motion to vacate judgment is governed by Tenn. R. Civ. P. 60.02, which allows a party relief from a final judgment under certain circumstances, as further discussed below. The Supreme Court has recently provided the following guidance regarding our standard of review of a trial court's disposition of a Rule 60.02 motion:

> Tennessee law is clear that the disposition of motions under Rule 60.02 is best left to the discretion of the trial judge. ***Underwood v. Zurich Ins. Co.***, 854 S.W.2d 94, 97 (Tenn. 1993); ***Banks v. Dement Constr. Co.***, 817 S.W.2d 16, 18 (Tenn. 1991); ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief. This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." ***Lee Medical, Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010).
>
> A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." ***Id.*** The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." ***Overstreet v. Shoney's, Inc.***, 4 S.W.3d 694, 709

-4-

(Tenn. Ct. App. 1999); *see also* **Keisling v. Keisling**, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

**Henderson v. SAIA, Inc.**, 318 S.W.3d 328, 335 (Tenn. 2010).

IV.

We first address the trial court's denial of the Wests' motion for a new trial. Tindell argues that it was not timely filed and therefore was correctly dismissed by the trial court. We agree. Tenn. R. Civ. P. 59.02 requires that "[a] motion for new trial . . . shall be filed and served within 30 days after judgment has been entered in accordance with Rule 58." The trial court's Tenn. R. Civ. P. 58 final judgment was entered on August 3, 2011. The Wests filed their motion for new trial on May 25, 2012, over nine months after the trial court's final judgment. Consequently, the motion was not timely filed.

The trial court entered an order denying the motion for new trial on July 2, 2012. The trial court should have held the motion in abeyance and waited until this Court's mandate issued on July 27, 2012. The issuance of our mandate transfers jurisdiction back to the trial court. We have observed the following principles involving "the allocation of jurisdiction between the trial and appellate courts in our hierarchical system," **First Amer. Trust Co. v. Franklin-Murray Dev. Co., L.P.**, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001):

> It should now be plain that once a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court. Perfecting an appeal vests jurisdiction over the case in the appropriate appellate court. **State v. Pendergrass**, 937 S.W.2d 834, 837 (Tenn. 1996); **Suggs v. Suggs' Executors**, 1 Tenn. (1 Overt.) 2, 3 (1794); **Spann v. Abraham**, 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999). An appellate court retains jurisdiction over a case until its mandate returns the case to the trial court. **Raht v. Southern Ry. Co.**, 215 Tenn. 485, 498, 387 S.W.2d 781, 787 (1965) (holding that issuance of mandate by an appellate court reinvests the trial court with jurisdiction over a case); **Hall v. Pippin**, No. M2001-00387-COA-OT-CV, 2001 WL 196978, at *3 (Tenn. Ct. App. Feb. 28, 2001) (No Tenn. R. App. P. 11 application filed). These principles keep cases together during the appellate process and prevent undesirable consequences of permitting a case to be pending in more than one court at the

same time.  *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994).

*Id.* (footnotes omitted).

In this case, the trial court entered a second order on August 27, 2012, amending its July 2, 2012, order denying the motion for new trial and correcting a typographical error. This second order denying the Wests' motion for new trial was entered after jurisdiction had been transferred back to the trial court.  Consequently, any jurisdictional problem created by the trial court's premature entry of the July 2, 2012, order was cured by its entry of the August 27, 2012, order.  We affirm the trial court's denial of the motion for new trial as untimely filed under Tenn. R. Civ. P. 59.02.

V.

Our mandate, issued after the Wests' dual decisions (1) not to file a petition to rehear with this Court and (2) not to seek permission to appeal to the Supreme Court, marked the final disposition and the end of this case, barring extraordinary relief under Tenn. R. Civ. P. 60.  *Swift v. Campbell*, 159 S.W.3d 565, 573 (Tenn. Ct. App. 2004) ("If a timely notice of appeal is filed in a civil case, and the judgment is affirmed on appeal, the judgment becomes final upon the issuance of the appellate court's mandate.").

With the issuance of the mandate, the parties and the trial court became bound by the "law of the case" doctrine, described by the Supreme Court as follows:

> An appellate court's final decision in a case establishes the "law of the case" when a case is remanded for further proceedings. This "law of the case" is binding on the trial court during the remanded proceedings and is also binding on the appellate courts should a second appeal be taken after the trial court enters a judgment in response to the remand order.  *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998).  While the doctrine applies only to issues that were actually decided by the court, explicitly or implicitly, it does not apply to dicta.  [*Id.*]; *Ladd ex rel. Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996).
>
> The "law of the case" doctrine is neither a constitutional mandate nor an inflexible limit on the adjudicatory power of the courts.  Instead, it is "a longstanding discretionary rule of

judicial practice," ***Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.***, 975 S.W.2d at 306; ***Orlando Residence, Ltd. v. Nashville Lodging Co.***, 213 S.W.3d 855, 861 (Tenn. Ct. App. 2006), reflecting the commonsense recognition that *issues previously litigated and decided by a court of competent jurisdiction need not be revisited*. ***In re Estate of Boote***, 265 S.W.3d 402, 413 (Tenn. Ct. App. 2007); ***Ladd ex rel. Ladd v. Honda Motor Co.***, 939 S.W.2d at 90. Adhering to the "law of the case" doctrine promotes finality and efficiency in litigation, ensures consistent results in the same proceeding, and assures that lower courts follow the decision of higher courts. ***State v. Jefferson***, 31 S.W.3d 558, 561 (Tenn. 2000); ***Harrison v. Laursen***, 128 S.W.3d 204, 208 (Tenn. Ct. App. 2003).

As salutary as the "law of the case" doctrine may be, it does not erect an absolute bar to the renewed consideration of earlier-decided issues. The doctrine does not necessarily apply: (1) when the evidence offered at a trial or hearing following the remand is substantially different from the evidence in the earlier proceeding; (2) when the prior decision was clearly erroneous and would result in manifest injustice if allowed to stand; or (3) when the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal. ***Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.***, 975 S.W.2d at 306; ***In re Estate of Boote***, 265 S.W.3d at 413.

***Gray's Disposal Co. v. Metro. Gov't of Nashville***, 318 S.W.3d 342, 348 (Tenn. 2010) (emphasis added). In the present case, none of the three exceptions to the applicability of the law of the case doctrine cited above are applicable.

In ***Tindell I***, the Wests raised the following issues: (1) "Whether the court erred in not considering Tenn. Code Ann. § 28-2-103 and in not finding the action barred"; (2) "Whether the court erred in ordering the encroachments removed rather than awarding damages based on the value of the property encroached upon"; and (3) "Whether the court erred in awarding the Plaintiff the cost of her surveys as damages." 2012 WL 1525035 at *3. Applying the well-established rule that "issues not raised in the trial court cannot be raised for the first time on appeal," ***Simpson v. Frontier Community Credit Union***, 810 S.W.2d 147, 153 (Tenn. 1991), we held issues (1) and (2) to be waived by the Wests. ***Id.*** at *5. In this appeal, Mrs. West again raises the issue of the applicability of Tenn. Code Ann. § 28-2-103, arguing in

her brief that "[w]hether a defense was pled by the defendants or not – the law is still to be upheld." This issue was conclusively determined in *Tindell I*, and Mrs. West has demonstrated no ground to revisit it in her second appeal.

Mrs. West argues that the trial court erred in refusing to vacate the judgment in *Tindell I* under Tenn. R. Civ. P. 60.02, which provides relief from a final judgment after 30 days under certain circumstances as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Our Supreme Court has provided the following guidance in reviewing a trial court's decision under Rule 60.02:

> The general purpose of Rule 60.02 is " 'to alleviate the effect of an oppressive or onerous final judgment.' " *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005) (quoting *Killion v. Dep't of Human Servs.*, 845 S.W.2d 212, 213 (Tenn. 1992)). Rule 60.02 is equally aimed at striking a "proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). Thus, relief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991). Instead, relief is appropriate only in those relatively few instances that meet the criteria of the rule. *Id.*

Rule 60.02 has been described as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn. 1990). Out of respect for the finality afforded to legal proceedings, this " 'escape valve' should not be easily opened." ***Toney***, 810 S.W.2d at 146. Accordingly, a party seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief by clear and convincing evidence.

***Henderson***, 318 S.W.3d at 336.

All the issues raised by Mrs. West on this second appeal are complaints about the rulings of the trial court before or during the trial of the case. She has presented nothing new that changes the situation from what it was after the trial. In order to preserve the issues for appellate review, it was incumbent upon the Wests to have raised them at trial. We hold that Mrs. West waived the issues raised on this second appeal, either by failing to raise them at trial, or by failing to raise them on the first appeal. We further hold that Mrs. West has demonstrated no ground for Rule 60.02 relief. Accordingly, we affirm the trial court's judgment.

Mrs. West argues that her "constitutional right to effective assistance of counsel" was violated when the trial court granted her former attorney's motion to withdraw. The record reveals that the Wests had time to hire new counsel before the trial but made a conscious decision not to do so. They also failed to ask the trial court for a continuance. Moreover, "[w]hile ineffective assistance of counsel is a proper ground for granting relief in a criminal case, there is no such constitutional guarantee to effective counsel in a civil case." ***Welch v. Bd. of Prof'l Responsibility***, 193 S.W.3d 457, 465 (Tenn. 2006).

Tindell argues that this appeal is frivolous and that Mrs. West should be sanctioned. Although this issue is a close one, we note that the High Court observed in ***Henderson*** that "imposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable—which is rare." 318 S.W.3d at 342. Exercising our discretion, we decline to hold this appeal frivolous.

## VI.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Callie A. West. The case is remanded for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE